## PEOPLE *v.* PROVOST.

CRIMINAL LAW—TRIAL—INSTRUCTIONS—FAILURE OF ACCUSED TO TESTIFY.

    Where accused in a criminal case does not testify it is error to refuse to give a requested instruction that no presumption of guilt can be indulged in by the jury on account of his failure to testify. Section 10211, 3 Comp. Laws.

|144 17|
|f145 530|
|144 17|
|e148 181|

Error to Houghton; Streeter, J. Submitted February 15, 1906. (Docket No. 213.) Decided April 30, 1906.

Frank X. Provost was convicted of an assault with intent to do great bodily harm less than the crime of murder, and sentenced to imprisonment for not less than five years in the branch of the State prison at Marquette. Reversed.

144 MICH.—2.

*Louis N. Legris* and *P. H. O'Brien*, for appellant.

*A. W. Kerr*, Prosecuting Attorney, for the people.

McALVAY, J.   Respondent was informed against on a charge of an assault with intent to commit the crime of murder.   The evidence against him was entirely circumstantial.   He was not sworn as a witness in his own behalf.   He was convicted of an assault with intent to do great bodily harm less than the crime of murder, and sentenced to a term of not less than five years in the State prison at Marquette.

But one question of law is raised in the case.   This question was raised in the court below by a request to charge, which was refused, and afterwards by a motion for a new trial based upon the refusal to charge.   The request refused was as follows:

" The defendant in this case had a right to go upon the witness stand and testify in his own behalf, if he chose to do so.   The law, however, expressly provides that no presumption adverse to him is to arise from the mere fact that he does not place himself upon the witness stand. So, in this case, the mere fact that this defendant has not availed himself of the privilege which the law gives him should not be permitted by you to prejudice him in any way.   It should not be considered as evidence either of his guilt or innocence.   The failure of the defendant to testify is not even a circumstance against him, and no presumption of guilt can be indulged in by the jury on account of such failure on his part."

The statute in this State which makes a defendant in a criminal case a competent witness reads:

" No person shall be disqualified as a witness in any criminal case or proceeding, by reason of his interest in the event of the same as a party or otherwise, or by reason of his having been convicted of any crime; but such interest or conviction may be shown for the purpose of affecting his credibility:   *Provided, however*, That a defendant in a criminal case or proceeding shall only at his own request be deemed a competent witness, and his neglect to testify shall not create any presumption against

him, nor shall the court permit any reference or comment to be made to or upon such neglect." Section 10211, 3 Comp. Laws.

The consideration of statutes similar to this has been before the courts of several States. It will be noted that the statutes of some of these States differ in some respects from the statute in this State.

In Missouri and Minnesota, both court and counsel are prohibited by statute from making any comments whatever upon the fact that a defendant has not testified. *State* v. *Robinson*, 117 Mo. 649; *State* v. *Pearce*, 56 Minn. 226.

In Iowa and Texas, where the statute prohibits the attorney for the State from referring to the fact that defendant has not testified, and makes such reference a misdemeanor and cause for new trial, the courts hold that a charge instructing the jury that such failure to testify raises no presumption against him was not prohibited. *State* v. *Weems*, 96 Iowa, 426; *Fulcher* v. *State*, 28 Tex. App. 465. See, also, *State* v. *Skinner*, 34 Kan. 256.

The same was held in Ohio under a statute practically the same as in this State. *Sullivan* v. *State*, 9 Ohio Cir. Ct. Rep. 652.

In New York, a charge given by the court, on its own motion, broader than the charge requested in the case at bar, was held not to be erroneous. *People* v. *Hayes*, 140 N. Y. 485 (23 L. R. A. 830), citing and approving *Ruloff* v. *People*, 45 N. Y. 213. See, also, *People* v. *Fitzgerald*, 20 App. Div. 139.

In several States it has been held proper to give such a charge, but not error to omit it in the absence of a request to do so. *People* v. *Flynn*, 73 Cal. 511; *Metz* v. *State*, 46 Neb. 547; *Felton* v. *State*, 139 Ind. 531.

In Maine and Illinois the question raised in the case at bar was squarely before the courts. In *State* v. *Landry*, 85 Me. 95, the court said:

"The requested instruction should have been given. It was in exact verbal accordance with the rule laid down in

*State* v. *Banks*, 78 Me. 490. The legal proposition was relevant to the issue. It was founded upon the statutory provision that the fact that the person accused does not testify in his own behalf shall not be taken as evidence of his guilt. The respondent was entitled to have the jury know of the existence of the statute and understand the effect of it. If not so, then a statute expressly created for the benefit of a class of persons is wholly useless to them. The natural inclination of the jury would lead them to adopt the presumption which the statute was designed to prevent. * * * "

The request refused by the court was "that, in determining their verdict, they should entirely exclude from their consideration the fact that the defendant did not elect to testify, substantially as if the law did not allow him to be a witness." The judge did not cover the request in his charge. It also appears in this case that the jury must have been present when the request was discussed. The court said:

"The refusal of the judge to give the instruction asked for in the present case must have led the jury to believe that the principle invoked by the counsel for the defense was incorrect, and that belief would naturally be intensified by the remark of the judge that the government's case was uncontradicted."

In Illinois the statute is identical with the statute in this State. The defendant did not testify, but his codefendant did. We quote from the opinion:

"An instruction was asked on behalf of plaintiff in error to the effect that no presumption of guilt should be indulged against him because he had not testified in his own behalf, but it was refused. Section 426, chap. 38, Rev. Stat., expressly provides that the neglect of a defendant, on trial charged with crime, to testify, shall not create any presumption against him. No reason whatever is suggested for the refusal of the instruction asked. The giving of it became doubly important to the plaintiff in error by the giving of one on behalf of the people as to the weight to be given to codefendant Norton's testimony, by which the attention of the jury was directed to the statute making defendants in criminal causes competent to testify

in their own behalf. The instruction should have been given." *Farrell* v. *People*, 133 Ill. 244.

The supreme court of Nebraska (which had previously held, under a statute similar to, but not in the exact words of, ours, that it is not error for the court on its own motion to charge with reference to the provisions of the statute and a defendant's rights under it), in a case where defendant sought a reversal upon the ground that the charge of the trial court was given without a request and was too indefinite, said:

"If counsel for accused did not regard the words, 'Nothing shall be taken against him because he did not testify,' sufficiently specific and definite, he should have drafted and presented to the court an instruction embodying his views upon that subject. Having failed to do so, he cannot complain of the vagueness of the instruction." *Ferguson* v. *State*, 52 Neb. 432.

And, further, after quoting its own language used in *Metz* v. *State*, supra, said:

"The fair and reasonable inference to be drawn from this language is that it is discretionary with the trial judge whether he will instruct or will not charge the jury upon the question where no request has been made to so instruct.   *   *   *   When a prisoner is not sworn, it is the duty of the court to inform the jury, if requested so to do, that they are not to draw any inference of guilt from the fact that he did not testify."

In support of this proposition, the court quoted the Illinois statute, and cited the case of *Farrell* v. *People*, supra.

In the case at bar the learned circuit judge filed an opinion which is before us, and in which he reviews at length some of the cases to which we have called attention. His conclusion was that, nothing having occurred in this case to call attention of the jury to the fact that defendant had not testified, the court was not warranted in making any reference whatever to defendant's rights under the statute.. He held that "under a reasonable construction

of the statute, in ordinary cases, the court itself has no right to make any reference to the fact that the accused has failed to testify." This question has never been before this court. This statute was considered in *People* v. *Hammond*, 132 Mich. 429, where error was claimed because the prosecutor, in answer to statement of respondent's counsel, had referred to the fact that he had not testified. The majority opinion stated that, under the circumstances,—

"We are not, therefore, prepared to hold that it was error, particularly in view of the fact that the jury were instructed that the fact that the respondent did not take the stand in his own behalf should not weigh against him in any manner."

Eliminating from our consideration those cases where the court is by statute prohibited from referring to or commenting upon the fact that a defendant has not testified, we find from an examination of all these authorities that they may be classified as follows:

1. It is not error for the court on its own motion to give such a charge as was requested in this case.

2. That the court is not required to give such a charge, in the absence of a request so to do.

3. That, where such a request to charge has been made, it is error to refuse to give it.

From the reasoning of the decisions in the first class of cases, it would seem to follow logically that they would hold it erroneous to refuse a request so to charge. If it is proper, as a matter of law, for the court to so instruct the jury on its own motion, the conclusion cannot be escaped that a defendant would be entitled to require such statement of the law. In the second class, the courts of California and Indiana intimate strongly that it would be erroneous to refuse to give such request, and in Nebraska the court has so held. *Ferguson* v. *State*, supra.

It is contended that in the Maine and Illinois cases the circumstances were such that such a charge was made necessary, and the decisions are to be accounted for on

that ground. We do not so construe these opinions. In both States the courts hold defendants were entitled to have the law in this regard stated to the jury. The peculiar circumstances are mentioned as emphasizing the proposition. Where such request to charge has been made, we find no authority warranting its refusal. The contention of respondent in this case is founded both upon reason and authority. A respondent is protected in his right under the statute to elect not to testify. A jury, upon his request, should be informed of that right, to prevent the creation in their minds of any presumption of guilt by reason of his silence. The court was in error in refusing to give the request as presented.

The judgment is reversed, and a new trial ordered.

GRANT, BLAIR, MONTGOMERY, and MOORE, JJ., concurred.