PEOPLE v. PRUITT

1. CRIMINAL LAW—FAILURE TO TESTIFY—INSTRUCTIONS TO JURY—RE-QUESTED INSTRUCTION.

An instruction to the jury that the defendant's failure to testify in his own behalf could create no presumption of guilt nor is to be considered by the jury in their deliberations must be given when the defendant requests the instruction.

2. CRIMINAL LAW—FAILURE TO TESTIFY—INSTRUCTIONS TO JURY—RE-QUESTED INSTRUCTION—HARMLESS ERROR.

Refusal to give the defendant's requested instruction to the jury that the defendant's failure to testify could create no presumption of guilt and is not to be considered by the jury in their deliberations was error, but only harmless error where witnesses to crimes with which the defendant was charged testified that they discovered the defendant in their home, that he assaulted one of them, that he was shot by another of them, but that he escaped, and a ballistics expert determined that a bullet removed from the defendant came from the gun of one of the occupants of the home broken into, because the refusal to give the requested instruction did not contribute to the defendant's conviction.

Appeal from Oakland, Farrell E. Roberts, J. Submitted Division 2 October 7, 1970, at Lansing. (Docket No. 8434.) Decided December 10, 1970.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial §§ 699, 701.

Ernest Pruitt was convicted of breaking and entering an occupied dwelling house and of assault with intent to rob and steal being unarmed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Edward Sosnick,* Assistant Prosecuting Attorney, for the people.

*Jon H. Kingsepp,* for defendant on appeal.

Before: LEVIN, P. J., and T. M. BURNS and J. E. HUGHES,* JJ.

T. M. BURNS, J. Defendant, Ernest Pruitt, was arrested January 26, 1969, on charges of breaking and entering an occupied dwelling house[1] and robbery armed.[2] The robbery armed charge was dropped and a charge of assault with intent to rob and steal while being unarmed[3] was added. Defendant was convicted by a jury on both counts on September 15, 1969. On October 13, 1969, defendant was sentenced to serve six to ten years on each count with proper credit for time served.

At the trial, defendant did not introduce any proofs. The defendant did, however, request an instruction on his right not to take the witness stand during the trial. The defendant requested the court to instruct the jury that the defendant's failure to testify in his own behalf could create no presumption of guilt nor is it to be considered by the jury during their deliberations.

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] CL 1948, § 750.110, as amended by PA 1968, No 324, § 1 (Stat Ann 1970 Cum Supp § 28.305).
[2] MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).
[3] MCLA § 750.88 (Stat Ann 1962 Rev § 282.283).

No reference was made at the trial to the fact that the defendant did not testify. The trial judge, therefore refused to give the instruction, stating:

"I prefer not to comment upon the fact whatsoever, however, rather than bring it before the jurors' minds."

Defendant contends that the trial court's refusal to give the requested instruction is reversible error.

The right of a defendant not to testify at his own trial is, of course, a basic and fundamental constitutional right.[4] Defendant contends, therefore, that it was the trial court's duty to make the requested instruction under MCLA § 768.29 (Stat Ann 1954 Rev § 28.1052) which provides in part:

"The court shall instruct the jury as to the law applicable to the case * * * . The failure of the court to instruct on any point of law shall not be grounds for setting aside the verdict of the jury unless such instruction is requested by the accused."

Defendant contends that his right not to testify at his trial is part of "the law applicable to the case",[5] and that the failure to give the instruction is, therefore, error.

Although we agree that defendant's right not to take the stand is part of "the law applicable to the case", we find that defendant has the right to have the instruction given even without the above-quoted statutory provision. In *People* v. *Provost* (1906), 144 Mich 17, 23, the trial court had refused to give

_____

[4] US Const, Am 5; Const 1963, art 1, § 17.

[5] In addition to the constitutional provisions, Michigan also has a statute which provides:
"A defendant, in any criminal case or proceeding shall only at his own request be deemed a competent witness, and his neglect to testify shall not create any presumption against him, nor shall the court permit any reference or comment to be made to or upon such neglect." MCLA § 600.2159 (Stat Ann 1962 Rev § 27A.2159).

an instruction substantially like the one requested in the case at bar. The Supreme Court stated:

"Where such a request to charge has been made, we find no authority warranting its refusal. The contention of respondent in this case is founded both upon reason and authority. A respondent is protected in his right under the statute to elect not to testify. A jury, upon his request, should be informed of that right, to prevent the creation in their minds of any presumption of guilt by reason of his silence. The court was in error in refusing to give the request as presented."[6]

Therefore, there is no discretion in the trial court when requested to give an instruction similar to the one requested here and the court's refusal to give the instruction is error. The choice as to whether such an instruction is to be given to the jury is the defendant's and not the trial court's.

The people contend, however, that the error committed by the trial court can be shown to be harmless. The Supreme Court of the United States fashioned the harmless error rule in *Chapman* v. *California* (1967), 386 US 18 (87 S Ct 824, 17 L Ed 2d 705), *reh den* 386 US 987 (87 S Ct 824, 17 L Ed 2d 705), where the court stated at p 24:

"before a Federal Constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt."

Our state statute does not require us to impose a different standard.[7]

---

[6] It should be also noted that in *Provost* as here, no reference had been made to defendant's failure to testify.

[7] The Federal statute, 18 USCA § 3481, is similar to our state statute, MCLA § 600.2159 (Stat Ann 1962 Rev § 27A.2159) which is set forth in footnote 5, *supra*. See *People* v. *Wichman* (1968), 15 Mich App 110, 116, where the Court stated:
"Where it is claimed that error is harmless, two inquiries are pertinent. First, is the error so offensive to the maintenance of a sound judicial

In the case at bar, witnesses testified that they discovered the defendant in their home shortly before six o'clock on a Sunday morning. They also testified that he assaulted one of the occupants and was shot by another, but escaped.

A short time later the defendant stopped at a nearby gas station and asked for help. The attendant, who also identified the defendant at trial, called the police, who upon their arrival, took the defendant to the hospital.

At the hospital, a bullet was removed from the defendant. A ballistics expert was able to determine that the bullet was fired from the gun of one of the witnesses.

Therefore, although we would reverse if the evidence was less overwhelming, we are convinced beyond a reasonable doubt that the instructional error did not contribute to the defendant's conviction.

Affirmed.

All concurred.

---

process that it can never be regarded as harmless? See *People* v. *Bigge* (1939), 288 Mich 417, 421; *People* v. *Berry* (1968), 10 Mich App 469, 474; *People* v. *Mosely* (1953), 338 Mich 559, 566. See also, *Chapman* v. *California* (1967), 386 US 18, (87 S Ct 824, 17 L Ed 2d 705). Second, if not so basic, can we declare a belief that the error was harmless beyond a reasonable doubt? See *People* v. *Liggett* (1967), 378 Mich 706, 716, 717; *Chapman* v. *California, supra.*"