PEOPLE *v.* ABERNATHY

PEOPLE *v.* STIGGER

1. CRIMINAL LAW — PRIVILEGE AGAINST SELF-INCRIMINATION — IN-
STRUCTIONS TO JURY — DEFENDANT'S CHOICE.

The defense is entitled to decide whether it wants an instruction to jury that no inference adverse to the defendant should be drawn because the defendant declined to testify in his own behalf.

2. CRIMINAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION—IN-
STRUCTIONS TO JURY—FAILURE TO OBJECT.

Instructing the jury that no inference adverse to the defendants was to be drawn because the defendants failed to testify in

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 356.
[3] 58 Am Jur, Witnesses § 575.
[4] 21 Am Jur 2d, Criminal Law § 574.

their own behalf was not error where the defendants knew
that the judge intended to give the instruction but did not
object, because their inaction constituted a decision to have
the instruction given.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—DISREGARDING ANSWERS.

Failing to instruct the jury to disregard the witness's answer
that he thought a defendant had a handkerchief over his
hand because it was cut, even though ordering the answer
stricken, was not error where the defendants show no prejudice
from it and where subsequent questioning made it apparent
that the witness had observations that made the stricken answer
appropriate as a statement of fact, not of opinion, because it
is not unusual for a witness to say "I think" when stating an
observed fact, and because jurors do not have to be asked to
perform the impossible task of erasing from their minds what
they have heard unless such a process has a useful purpose.

4. CRIMINAL LAW — SENTENCING — INADVERTENT MISTAKE — WRONG
CRIME.

The trial court's inadvertent mistake at sentencing of describing
the crime of which the defendant was convicted as "breaking
and entering", a misdemeanor, when the defendant was con-
victed of the felony of "breaking and entering with intent
to commit larceny", a felony, does not necessitate that the
length of the sentence imposed must be that of the mis-
demeanor and does not render improper a sentence whose
length is that of those for felony convictions where the
defendant was charged with the crime of "breaking and enter-
ing with intent to commit larceny", and the defendant was
tried and convicted by a jury of the crime of "breaking and
entering with intent to commit larceny."

Appeal from Genesee, Philip C. Elliott, J. Sub-
mitted Division 2 December 8, 1970, at Lansing.
(Docket No. 8231.) Decided January 20, 1971.

Walter T. Abernathy and Eugene Stigger were
convicted by a jury of breaking and entering with
intent to commit larceny. Defendants appeal. Af-
firmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Nelson & Leiter,* for defendants on appeal.

Before: McGregor, P. J., and T. M. Burns and Andrews,* JJ.

T. M. Burns, J. Defendants appeal their conviction by a jury of breaking and entering with intent to commit a larceny, MCLA § 750.110 (Stat Ann 1962 Rev § 28.305).

At the trial defendants did not testify in their own behalf. Accordingly, the trial court, after a discussion in chambers with defendants' trial counsel, instructed the jury in the following manner:

"I charge you that the defendants had a right to go upon the witness stand and testify in their own behalf, if they chose to do so. The law, however, expressly provides that no presumption adverse to either of them is to arise from the mere fact that he did not place himself on the witness stand. So, in this case, the mere fact that neither defendant has availed himself of the privilege the law gives him, this should not be permitted by you to prejudice him in any way. It should not be considered as evidence of his guilt or of his innocence. The failure to testify is not even a circumstance against him, and no presumption of guilty can be indulged in by the jury on account of his failure to testify."

Defendants now contend that the trial court erred by failing to allow defendants to choose whether or not they wanted the judge to give the above instruction to the jury.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

This court is aware of the difference of opinion among trial attorneys regarding an instruction by the court that no adverse presumption is to arise from a defendant's failure to testify. When, as in the case at bar, there has been no adverse comment by the prosecutor, some attorneys prefer that nothing at all be said about defendant's failure to testify. Other attorneys feel that the instruction should be given even though it reminds the jury, just prior to deliberation, that the accused has not testified in his own behalf.

Since we are here dealing with a defendant's right to remain silent,[1] and since we are also aware of the difference of opinion over the best way to exercise that right, we agree with defendants that the decision whether the instruction should be given is theirs.[2] However, in the case at bar, the trial judge discussed the instruction with the defendants in chambers prior to the time it was given. Defendants' trial counsel made no objection at any time to the instruction being given. Although the defendants did not request that the instruction be given, their knowledge that the trial judge intended to give the instruction and their failure to object in any way was, in fact, a decision on their part to have the instruction read to the jury. We find no violation of defendants' right to remain silent.

Defendant next contends that the trial court, after sustaining defendants' objection in ordering a witness's answer to be stricken, erred in failing to instruct the jury to disregard the answer that was stricken.

On the motion for a new trial the trial court rejected the defendants' contention in its written opinion where it stated:

---

[1] US Const, Am 5; Const 1963, art 1, § 7.
[2] *People* v. *Pruitt* (1970), 28 Mich App 270.

" 'That the trial judge erred by failing to instruct the jury to disregard an answer given by a witness, when the answer was stricken by the court.'

"The witness said he was called by Abernathy to come over to see about selling some TV's and radios; that he came to an address and met defendants; saw some TV's and radios; and made telephone arrangements to get rid of them; and was arrested with defendants while they were loading the car. It should be noted that there was blood in and about the store burglarized and that the TV's and radios recovered came from that store. A part of this witness's testimony, on Prosecutor Berry's direct examination, was:

" '*Q*. Now, in regard to Mr. Stigger, did you observe anything unusual about him?

" '*A*. He had—he had a handkerchief over his hand, toilet paper or something white, over his hand.

" '*Q*. Do you know why, or were you able to notice why?

" '*A*. I think it was cut.

" '*Mr. Sutherland:*  Your Honor, I object as to what he might think.

(*By Mr. Berry*)

" '*Q*. Would you—

" '*Mr. Berry:*  Well, your Honor, I will withdraw the question.

" '*The Court:*  Alright, I will strike the answer.

(*By Mr. Berry*)

" '*Q*. Answer in this way: What was he doing with the handkerchief or toilet paper he had over his hand?

" '*A*. Stopping some bleeding.

" '*Q*. He was doing something with the handkerchief?

" '*A*. (*No audible response.*)

" '*Q*. Show the jury.

" '*A*. Kept dabbing. Kept dabbing.'

"Although the objection was sustained and the answer was stricken, later questioning made it ap-

parent that the witness had observations that made the stricken answer appropriate as a statement of fact and not an opinion. It is not unusual for a witness to say, 'I think', 'my impression is', or 'I believe' when stating an observed fact. If it was an opinion, it is one that is nearly inescapable from the observed and expressed facts, and it would not have been prejudicial error to have overruled the objection. It was not reversible error, therefore, in the absence of a request, to have overlooked the usual instruction to the jury to disregard the stricken answer. See McCormick, 3rd Ed, pp 22, 23, and Maguire, 'Evidence: Common Sense and Common Law', pp 23–27.

"This judge believes jurors should not be asked to perform the impossible task of erasing what they have heard from their minds unless such a process has a useful purpose. They ought not to be imposed upon for trivial reasons." (Opinion on defendants' motion for a new trial, pp 2, 3).

This court is in complete agreement with the trial court. We also note that defendants make no showing of how the alleged error prejudiced them. We, therefore, find defendants' second contention to be without merit.

Defendants finally contend that the trial court, at the sentencing, mistakenly described the offense as "breaking and entering", a misdemeanor carrying a maximum sentence of 90 days, instead of the felony of "breaking and entering with intent to commit larceny". Defendants contend, therefore, that since they were only sentenced for the crime of "breaking and entering", the 7 to 10 years sentence is improper, and should be reduced to 90 days.

Defendants were charged with the crime of "breaking and entering with intent to commit larceny". Defendants were tried and convicted by a jury of the crime of "breaking and entering with

intent to commit larceny". Defendants cite us no authority which would warrant this Court's imposing the sentence for the misdemeanor based upon an inadvertent omission by the trial court. Neither has this Court been able to find any such authority. If there is any substance to this contention by the defendants, which there is not, the remedy would be a new sentencing and not a new trial. We find no merit in defendants' final claim of error.

Affirmed.

All concurred.