PEOPLE *v.* BRYANT

1. SEARCHES AND SEIZURES—MOTION TO SUPPRESS—DUTY OF DEFENDANT.

A defendant with knowledge before trial of facts constituting an alleged illegal search and seizure has the responsibility of communicating them to his attorney who then has the responsibility of moving to suppress in advance of trial.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 29 Am Jur 2d, Evidence §§ 425–427.
[2] 5 Am Jur 2d, Appeal and Error §§ 880–887.

2. Appeal and Error—Evidence—Admissibility—Hearing—Standard of Review.

The standard of review of an evidentiary hearing to determine the admissibility of evidence is whether the trial court was clearly in error in its decision (GCR, 1963, 517.1).

3. Searches and Seizures—Without Warrant—Waiver—Evidence —Plain View.

Permission granted by a codefendant for officers to enter his apartment did not necessarily constitute a waiver of the defendant's constitutional rights where defendant was present, but it did not make the officers' presence in the apartment lawful and evidence in plain view on a bed which they saw through an open doorway was therefore admissible.

Appeal from Recorder's Court of Detroit, Samuel H. Olsen, J. Submitted Division 1 October 12, 1970, at Detroit. (Docket No. 8524.) Decided January 21, 1971.

James Frederick Bryant was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Gragg & Gardner* (by *Elliott S. Hall*), for defendant on appeal.

Before: J. H. Gillis, P. J., and Danhof and Mahinske,* JJ.

Danhof, J. The defendant and a codefendant were convicted by a jury of armed robbery, MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797). The

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant was sentenced to a term of 40 to 60 years in prison.

The sole issue on appeal is whether the warrantless search of the premises in which the defendant was found and arrested was a violation of the defendant's constitutional right to be free of unreasonable searches and seizures.

The defendant had knowledge of the facts constituting the alleged illegal search and seizure before the trial and had the responsibility of communicating those facts to his attorney, who then had the responsibility of moving to suppress in advance of the trial. *People* v. *Wilson* (1967), 8 Mich App 651. This was not done. Nevertheless, the trial court did pause during the trial to take testimony on a separate record outside the presence of the jury for the purpose of determining the admissibility of the items seized during the search. The items seized were two black sweaters, one brown paper bag, and two shells. Only one of the sweaters was offered into evidence and the trial court allowed it on the basis that the officers had probable cause to make a search and also that the sweater was in plain view of the officers who were lawfully on the premises.

The standard of review is whether the trial court was clearly erroneous in its decision. GCR 1963, 517.1, see *People* v. *Hummel* (1969), 19 Mich App 266.

On October 15, 1968, Sidney Kaplan, a drugstore owner, was on his way to make a deposit in the bank. Someone put a gun in his back, shot him, and took his money. At about 1:50 p.m. police officers arrived at the scene. From interviewing witnesses including a passing cabdriver who had given chase, the police obtained a description of the robbers and the direction that they had gone.

The description included their sex, race, age, physical appearance, and the color of their clothing. Thereafter, an anonymous phone call was received at the police station stating that the two men who had just robbed and shot Mr. Kaplan had run upstairs at 956 Navahoe with some other man. This address was near the area where the robbers had disappeared from view. At 3 p.m. several officers went to 956 Navahoe. One officer knocked and when the owner, the codefendant at the trial, appeared at the top of the stairway to the second floor, the officer asked if they could come in and look around as they had information that some people inside were involved in a shooting. The owner said it was all right with him and that he had nothing to hide. Four men were upstairs including the defendant. The police looked around for a gun, money, and other evidence of the robbery. No gun or money was found. About 3:15 p.m. the four men were arrested and taken to the police station. The next morning the defendant and the codefendant were picked out of a lineup by the aforementioned cabdriver who identified them as the two men who had shot and robbed Mr. Kaplan.

The codefendant's counsel conceded that his client permitted the officers to enter. While this would not necessarily constitute a waiver of the defendant's constitutional rights, we hold that it did make the officers' presence in the apartment lawful and the sweater on a bed which they saw through an open doorway was in plain view and therefore admissible as evidence. *People v. Kuntze* (1963), 371 Mich 419; *Harris v. United States* (1968), 390 US 234 (88 S Ct 992, 19 L Ed 2d 1067); *People v. Eddington* (1970), 23 Mich App 210.

Additionally, the defendant has not alleged in what way the admission of the sweater found on the

codefendant's bed was prejudicial. The defendant denied that the sweater was his. The cabdriver who picked the defendant out of the lineup stated that he had known the defendant for about six years. It does not appear from the record that the sweater was in any way related to this identification. We find no error.

Affirmed.

All concurred.