PEOPLE *v.* MOORE

1. Criminal Law—Lesser Included Offenses—Instructions to Jury.

   Failure to charge the jury on lesser included offenses is not error where defense counsel does not request an instruction on the subject.

2. Criminal Law—Lesser Included Offenses—Instructions to Jury—Evidence—Alibi.

   Instructions to the jury on the lesser included offenses of simple assault and assault and battery in a defendant's trial for taking indecent liberties with a minor are improper where the defendant's claim and theory of the case is alibi and that the victim had mistaken him for another and where there is no evidence to support a finding that the victim had been the victim of only an assault or of only an assault and battery.

3. Criminal Law—Prosecutor's Questions—Bad Faith.

   Prosecutor's questioning the sister of the victim of the crime of taking indecent liberties with a minor concerning a telephone call where the sister admitted she could not identify the defendant as the caller was not error where defense counsel's objection to any further questions concerning the call was sustained and there has been no showing of bad faith on the part of the prosecutor.

Appeal from Jackson, John C. Dalton, J. Submitted Division 2 December 16, 1970, at Lansing. (Docket No. 7782.) Decided April 27, 1971. Leave to appeal denied, 386 Mich 757.

References for Points in Headnotes

[1] 53 Am Jur, Trial § 797.
[2] 53 Am Jur, Trial § 796 *et seq.*
[3] 53 Am Jur, Trial §§ 98, 132 *et seq.*

Willie Bell Moore was convicted of taking indecent liberties with a minor. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Paula Hosick,* Chief Appellate Attorney, for the people.

*William H. Culver,* for defendant on appeal.

Before: BRONSON, P. J., and R. B. BURNS and HOFF,* JJ.

PER CURIAM. Willie Bell Moore was convicted by a jury of taking indecent liberties with a 14-year-old boy, MCLA § 750.336 (Stat Ann 1962 Rev § 28.568). Following sentencing, defendant appeals of right urging his conviction be reversed because of a claimed series of errors which he asserts had the cumulative effect of creating a miscarriage of justice.

On January 16, 1969, the 14-year-old boy went to swimming practice at the Jackson YMCA. After practice, he telephoned his home requesting a ride. He waited about 45 minutes and then started to walk home. On the way, he claimed, defendant offered him a ride and he accepted. Defendant stated he had to stop by Ella Sharp Park to pick up his son. The boy testified that, at the park, defendant felt his penis and then forced the boy to engage in an act of fellatio. Defendant then took the boy home. The boy told his sister about the incident and the police were called. Police went to the park and found tire tracks and foot marks. About a week later the boy was swimming at the YMCA again

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and he saw and recognized defendant. The boy called the police and sometime later defendant was arrested. Defendant testified on his own behalf at his trial, offered alibi as his defense, claiming he was home alone writing letters at the time of the alleged incident, and said that the boy was mistaken as to the identity of his assailant.

Defendant claims the trial court erred in failing to instruct the jury that simple assault and assault and battery are lesser included offenses of the crime of taking indecent liberties with a minor. However, defendant requested no such instruction at his trial. It is not error for the trial court to fail to charge on lesser included offenses if defense counsel does not request such an instruction. *People* v. *Earnest Thomas* (1965), 1 Mich App 444; *People* v. *Dugger* (1968), 14 Mich App 270. Further, had such a request been made it should have been refused by the trial court. Defendant's claim and theory of his case was alibi and that the victim had mistaken him for another. Had the jury believed defendant's claim and theory the defendant would have been acquitted; Here the jury chose to disbelieve and the evidence warranted a conviction only of the greater offense, because there was no evidence to support a finding that the boy had only been assaulted or only assaulted and battered. Where no evidence exists to support conviction of lesser offenses, the requested instruction should be refused. *People* v. *Hearn* (1958), 354 Mich 468.

Defendant claims another error occurred when the prosecution questioned the victim's sister about a telephone call and the sister admitted she could not identify the caller as the defendant. Defendant's attorney properly objected to further testimony about this telephone call. The court sustained the objection. Again there was no error. There

has been no showing of bad faith on the part of the prosecution and as Gillespie has stated:

"If such an offer of testimony constituted error few verdicts could be sustained." 2 Gillespie, Michigan Criminal Law & Procedure, § 597, p 775.

Defendant claims the trial court improperly received testimony from an investigating police officer to the effect that he observed automobile tire tracks where the crime took place and that while the tire tracks were similar to the tires on defendant's car, still he could not positively identify the tires as being the same as the defendant's. Defendant's attorney did not object to the admission of this testimony at the trial. No objection having been raised in the court below, the issue cannot be raised here for the first time absent a clear showing of injustice. *People* v. *Ivy* (1968), 11 Mich App 427.

Finally, the defendant complains that after he took the stand and testified on his own behalf and on direct examination himself brought out that he had a previous criminal record, this fact was called to the jury's attention on cross-examination. But again, no objection was made below and the judge's instructions properly limited the jury's consideration of the defendant's previous criminal record to the question of credibility.

On total review, the record reveals the testimony of the 14-year-old boy as the crucial evidence, and, if believed by the jury, fully supports a finding of guilt beyond a reasonable doubt.

It has become axiomatic in this Court that, in the absence of a clear showing of injustice, this Court will not entertain issues raised for the first time on appeal. GCR 1963, 516.2. *People* v. *Farmer* (1958), 380 Mich 198; *People* v. *Reynold* (1969), 20 Mich App 397; *People* v. *Miller* (1969), 16 Mich App

647. Our review discloses no clear showing of a miscarriage of justice. Accordingly defendant's conviction must be, and is, affirmed.

Affirmed.