PEOPLE *v*. MANIEZ

CRIMINAL LAW—IN-COURT IDENTIFICATION—INDEPENDENT BASIS.

In-court identifications were properly admitted where the witnesses were able to observe the defendant closely during the commission of the crime, the description they gave the police immediately after the crime fits defendant, they have consistently and emphatically identified the defendant, and they were able to explain in detail why they were able to identify defendant, even if, as defendant alleged, there had been an illegal pre-trial confrontation, because the in-court identifications had an independent basis.

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 May 10, 1971, at Lansing. (Docket No. 8176.)  Decided May 24, 1971.

Louis Maniez was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

*Kenneth Rancilio,* for defendant on appeal.

Before: DANHOF, P. J., and FITZGERALD and QUINN, JJ.

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 371 *et seq.*

PER CURIAM. After a jury trial the defendant was convicted of robbery armed, MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). He appeals, contending that he was denied counsel at a pretrial lineup and that the trial court abused its discretion in allowing a *res gestae* witness to be indorsed after the trial had begun.

The trial court held that the eyewitnesses' in-court identification of the defendant had an independent basis and had not been tainted by the pretrial confrontation. We agree.

Factors to be considered in determining whether the identification was tainted were stated in *People v. Hutton* (1970), 21 Mich App 312, 326, as follows:

"And among the factors to be considered in applying this test are: the witness' prior opportunity to observe the alleged criminal act; the existence of any discrepancy between any pretrial description and the defendant's actual appearance; any identification of another person before confrontation; photogenic identification before confrontation; failure to identify the defendant on a prior occasion; and the lapse of time between the alleged act and the confrontation identification."

In this case, the identifying witnesses have emphatically and consistently identified the defendant. There was no indication that they were prompted. When the crime was committed they were able to observe the defendant closely. The description they gave the police immediately after the crime fits the defendant. They were able to explain in detail why they were able to identify the defendant.

The trial court did not err in holding that the in-court identifications were proper.

The *res gestae* witness issue is without merit. The defendant was in no way prejudiced and, therefore, the court did not abuse its discretion in allowing the indorsement.

Affirmed.