PEOPLE v TAYLOR

1. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY.

Failure to instruct on an included offense is not error, unless a request for such an instruction was made at trial.

2. CRIMINAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION—INSTRUCTIONS TO JURY.

An instruction to the jury on defendant's constitutional right to remain silent was not reversible error where defendant knew the instruction was to be given and failed to object, and announced satisfaction with the instructions given.

Appeal from Recorder's Court of Detroit, Henry L. Heading, J. Submitted Division 1 June 14, 1972, at Detroit. (Docket No. 12443.) Decided July 26, 1972.

Rolex S. Taylor was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Leonard Townsend,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 797.
[2] 21 Am Jur 2d, Criminal Law § 356.

Before: V. J. Brennan, P. J., and Quinn and O'Hara,* JJ.

Quinn, J. A jury convicted defendant of breaking and entering with intent to commit larceny, MCLA 750.110; MSA 28.305. He was sentenced and he appeals on the basis of two alleged errors, both relating to instructions.

Defendant's first claim is that the trial court erred by failing to instruct on the included offense of entering without breaking with intent to commit larceny. No request for this instruction was made at trial and no error occurred, *People v Moore,* 33 Mich App 190 (1971).

Without being requested to do so, the trial court instructed:

"Now, the defendant did not take the stand in this case. You should not hold that against him. He had a right not to take the stand. The constitution of our country, and the constitution of our state give him that right not to take the witness stand. *He could have taken it if he wanted to,* but he chose not to, and you should not let that enter into your deliberation. It is not for the defendant to prove anything *[sic]* anyway in a criminal trial. He doesn't have to do anything. His lawyer didn't even have to ask any questions if she saw fit not to."

Defendant asserts this was reversible error citing *People v Abernathy,* 29 Mich App 558 (1971). The reasoning in support of the claimed error is that since defendant has a constitutional right to remain silent, he should have the choice of whether or not such an instruction should be given. This reasoning concludes that reversible

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

error occurs when this instruction is given without a request therefor from defendant.

We note that this Court so expressed itself in *Abernathy, supra,* and that this expression was contrary to the holding in *People v Waters,* 16 Mich App 33 (1969). However, we also note that in *Abernathy* the court found no reversible error because defendant knew the instruction was to be given and failed to object.

As in *Waters, supra,* the present defendant not only failed to object to the instruction, he announced satisfaction with the instructions given. We find *Waters* controlling and decline to find reversible error.

Affirmed.

All concurred.