PEOPLE v HAMPTON

OPINION OF THE COURT

1. CRIMINAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION—INSTRUC-
   TIONS TO JURY—DEFENDANT'S CHOICE.

   A defendant is entitled to choose whether a cautionary instruc-
   tion that no inference of guilt arises from the defendant's
   failure to testify be given to the jury.

2. CRIMINAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION—INSTRUC-
   TIONS TO JURY—DEFENDANT'S CHOICE—APPEAL AND ERROR.

   Instructing a jury that no inference of guilt arose from defend-
   ant's failure to testify over defense counsel's objection to the
   instruction was not reversible error where defense counsel was
   trying his first criminal case, and the trial judge, desirous of
   avoiding error, was attempting to protect the defendant's
   rights.

3. CRIMINAL LAW—WITNESSES—IDENTIFICATION—PRETRIAL CONFRON-
   TATION—RIGHT TO COUNSEL—DUE PROCESS.

   An inadvertent pretrial confrontation at which a witness sponta-
   neously identified the defendant to the prosecutor did not deny
   defendant his Sixth and Fourteenth Amendment rights to
   counsel and the confrontation was not so inherently suggestive
   and conducive to irreparable misidentification that due process
   was denied.

4. CRIMINAL LAW—IDENTIFICATION—PHOTOGRAPHIC DISPLAY—INDE-
   PENDENT BASIS.

   A defendant's reappearance in a photographic display, when
   other persons' photographs also recurred, and his lone hatted
   picture, when all others were hatless, were not so impermissi-
   bly suggestive that a very substantial likelihood of mistaken
   identification arose, especially when the record supported a

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 5] 21 Am Jur 2d, Criminal Law § 356.
[3] 21 Am Jur 2d, Criminal Law §§ 222, 334, 336, 341.
[4] 21 Am Jur 2d, Criminal Law §§ 368, 369.

finding that the in-court identification had sufficient indepen-
dent basis.

DISSENT BY R. B. BURNS, J.

5. CRIMINAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION—INSTRUC-
TIONS TO JURY—DEFENDANT'S CHOICE.
   *It was error for a trial judge to refuse a defendant's request to
   refrain from instructing a jury on the defendant's failure to
   testify in his own behalf where the request was coupled with a
   clear explanation that the defense wanted to avoid calling
   attention to defendant's silence, and where the objection was
   never withdrawn (GCR 1963, 507.5).*

Appeal from Washtenaw, William F. Ager, Jr.,
J. Submitted Division 2 December 11, 1973, at
Lansing. (Docket No. 16914.) Decided March 6,
1974.

Harry L. Hampton was convicted of uttering and
publishing a forged check. Defendant appeals. Af-
firmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William F. Delhey,*
Prosecuting Attorney, and *John F. Salan,* Assist-
ant Prosecuting Attorney, for the people.

*Michael C. Moran,* Assistant State Appellate
Defender, for defendant.

Before: J. H. GILLIS, P. J., and R. B. BURNS and
R. H. CAMPBELL,* JJ.

R. H. CAMPBELL, J. The defendant was convicted
by a jury of uttering and publishing a forged
check. MCLA 750.249; MSA 28.446.
   A Kroger store employee in Ann Arbor informed
her supervisor that defendant had just presented a

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

check and identification belonging to a former store employee. The defendant becoming suspicious left the store with the check and identification. The supervisor then alerted other area Kroger stores. Defendant subsequently presented the check to an alerted employee of another Kroger store and she notified her supervisor. That supervisor questioned defendant and called the police. The defendant escaped from the store minus the check and identification. The supervisor pursued defendant into the store's parking lot and obtained a license number of the automobile in which defendant departed. The police discovered that the license number was registered to defendant's brother.

The Kroger employees identified the defendant from a photographic array which included pictures of defendant's two brothers.

Defendant first claims that the court erred in giving a cautionary instruction over defendant's objection that no inference of guilt arises from defendant's failure to take the stand. The choice is defendant's. *People v Abernathy,* 29 Mich App 558; 185 NW2d 634 (1971); *People v Moore,* 39 Mich App 329; 197 NW2d 533 (1972); *People v Bohm,* 49 Mich App 244; 212 NW2d 61 (1973).

No error arises if the defense knows the court intends to so instruct and fails to object. *People v Taylor,* 42 Mich App 174; 201 NW2d 351 (1972).

The issue is factual as to whether defendant objected. At the close of the proofs and outside the presence of the jury, the trial judge indicated the instructions that he was going to give to the jury. One of these was an instruction concerning the fact that the jury was to draw no adverse inferences against defendant from the mere fact that defendant had exercised his privilege against self

incrimination and did not take the witness stand. Defense counsel[1] requested the court to refrain from giving such an instruction. The trial judge offering the benefit of his experience replied:

> *"The Court:* Well, the court feels in all difference *[sic]* to counsel, the court feels this should be given, the court from the experience we have had in these cases, feels that it is necessary to specifically instruct the jury that they cannot in any way hold it against the defendant, that he's not taken the stand. If feel this is very necessary for the jury to be apprised of this, that if they didn't receive this instruction, they might well discuss this in the jury room and hold it against the defendant that he didn't take the stand. Now, I'm basing this on past experience, we have had discussions many times with persons who have served on juries and the court has been impressed with the fact that the jurors do take instructions in criminal cases to heart. I don't believe the jury will turn around and do just the opposite of what the court instructs them. I believe this would be true—juries especially in this county are fine, intelligent people who would take this into account, would follow the judge's instructions. We have persons seated on this jury with varied backgrounds, but good education is represented in this jury. And, I feel they'll follow this instruction. Anything further on the instructions, Mr. Feltkamp?"

To which defense counsel replied:

"Not in the instructions. I do have a motion."

The trial judge did in fact give a proper instruction to the jury concerning the defendant's failure to testify. At the conclusion of the jury instructions the trial judge asked if there were any objections or additional instructions requested to be given. Defense counsel responded:

---

[1] Defense counsel was trying his first criminal case.

"I have no further questions and no objections."

Defense counsel failed to continue his objection to the instruction regarding defendant's failure to testify. He did not make it known to the trial judge that he still objected to the giving of that particular instruction. In *Hunt v Deming,* 375 Mich 581, 584–585; 134 NW2d 662, 663–664 (1965), it was held that objections to jury instructions would only be saved for appellate review where the trial judge has ruled on requests and objections to the instructions before they are given to the jury and where counsel voices an objection on the record after the instructions have been given to the jury. According to *Hunt* such procedure must be complied with according to GCR 1963, 516.1 and 516.2.

In *Goodwin v S A Healy Co,* 383 Mich 300, 305; 174 NW2d 755, 757 (1970), counsel objected to a proposed jury instruction. The trial judge instructed the jury contrary to counsel's objection and no objection was made by counsel to the instruction as given by the court. Because no objection was made, *Goodwin* relied upon *Hunt* and said: "We conclude that appellant's assignment of error in such regard is not properly before us". 383 Mich 300, 306; 174 NW2d 755, 758.

Assuming *arguendo* that the trial court gave the instruction over defense objection, we do not think reversible error arose in the context of this case. First we note the unequivocal language of past cases. In *People v Pruitt,* 29 Mich App 230; 185 NW2d 57 (1970), the court held that a defendant's right not to take the stand is part of "the law applicable to the case within the meaning of MCLA 768.29; MSA 28.1052, which provides in part:

"The court shall instruct the jury as to the law

applicable to the case * * * . The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict unless such instruction is requested by the accused." See *People v Moore,* 39 Mich App 329, 333; 197 NW2d 533, 535 (1972).

The defendant is entitled to the instruction. *People v Provost,* 144 Mich 17, 23; 107 NW 716, 718–719 (1906). There is no discretion to refuse the instruction and refusal to give it is error. *People v Pruitt, supra.*

The trial judge, desirous of avoiding error, and attempting to protect defendant's rights, did not commit reversible error in instructing the jury that no inference of guilt arose from defendant's failure to take the stand.

Next, defendant argues that the in-court identification by two employees denied defendant his Sixth and Fourteenth Amendment rights to counsel. He alternatively claims that the confrontation was so inherently suggestive and conducive to irreparable misidentification that due process was denied. In this factual context, defendant's arguments lack merit. Parenthetically, we do not subscribe to the prosecutor's "no objection, no error" theory. Since neither defendant nor his counsel was aware of the confrontation until much later, objection at trial was impossible. Defendant's motion for new trial sufficiently complied with procedural requirements.

Hearing testimony established that defendant and his counsel were present in court for the opening of trial. Two witnesses came to the prosecutor's office to discuss the case and be present during jury selection. The police officer in charge asked the witnesses to go downstairs and look for the check passer. One witness returned and reported seeing no one. He remained in the office

with the other witness until they were called for
jury selection. While both witnesses were standing
near the elevator, in the company of the assistant
prosecutor, defendant came upstairs and walked
toward the courtroom. One witness spontaneously
identified defendant to the prosecutor. The other
witness did not identify defendant at that time,
nor was she able subsequently to identify defend-
ant in court. Given these facts, the witnesses'
viewing was mere happenstance. The identification
trilogy[2] circumscribed with care police-induced,
arranged confrontations. *Foster v California,* 394
US 440; 89 S Ct 1127; 22 L Ed 2d 402 (1969); *Griff
v Fitzharris,* 451 F2d 151 (CA 9, 1971); *United
States v Jackson,* 448 F2d 963 (CA 9, 1971). The
inadvertent pretrial confrontation detailed here is
not within *Wade's* ambit. *United States v Ballard,*
418 F2d 325 (CA 9, 1969); *People v Yacks,* 49 Mich
App 444; 212 NW2d 249 (1973).

Defendant's reappearance in the photographic
display, when other persons' photographs recurred,
and his lone hatted picture, when all others were
hatless, were not so impermissibly suggestive that
a very substantial likelihood of mistaken identifi-
cation arose. In any event, the record supports a
finding that the in-court identifications had suffi-
cient independent basis. *People v Maniez,* 34 Mich
App 55; 190 NW2d 682 (1971); *People v Hutton,* 21
Mich App 312; 175 NW2d 860 (1970); *People v
Anderson,* 389 Mich 155; 205 NW2d 461 (1973).

Finally, defendant contends that different classi-
fications for bills of exchange and bank bills,
which result in varying imprisonment terms, are
arbitrary distinctions lacking a reasonable relation

---

[2] *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149
(1967); *Gilbert v California,* 388 US 263; 87 S Ct 1951; 18 L Ed 2d
1178 (1967); *Stovall v Denno,* 388 US 293; 87 S Ct 1967; 18 L Ed 2d
1199 (1967).

to the statutory purpose. *People v Brooks,* 43 Mich
App 715; 204 NW2d 718 (1972), and *People v
Peace,* 48 Mich App 79; 210 NW2d 116 (1973),
which we adopt, found no equal protection viola-
tion.

Affirmed.

J. H. Gillis, P. J., concurred.

R. B. Burns, J. *(dissenting).* I must dissent.

*People v Abernathy,* 29 Mich App 558; 185
NW2d 639 (1971), held that it was error for the
trial court to instruct the jury that no presump-
tion adverse to the defendant is to arise from the
mere fact that he did not take the witness stand
over the objection of the defendant.

In the present case, when it became apparent
that the trial judge intended to mention defend-
ant's right of silence, defense counsel timely re-
quested that the trial judge refrain from instruct-
ing the jury on the defendant's failure to testify in
his own behalf. This request was coupled with a
clear explanation of the reason behind it. The
defense wanted to avoid calling attention to de-
fendant's silence. The trial judge refused the re-
quest and gave an explanation of the motives
behind the refusal.

It was error for the trial judge to refuse the
defendant's request. *People v Moore,* 39 Mich App
329; 197 NW2d 533 (1972); *People v Abernathy,
supra.* The objection was never withdrawn. GCR
1963, 507.5 states:

"Exceptions Unnecessary. Formal exceptions to rul-
ings or orders of the court are unnecessary. It is suffi-
cient that a party, at the time of the ruling or order of
the court is made or sought, makes known to the court
the action which he desires the court to take or his

objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of the objection does not thereafter prejudice him."

I would reverse and remand for a new trial.