PEOPLE *v.* BUKOSKI

CRIMINAL LAW—PROSECUTOR'S COMMENT—APPEAL AND ERROR—PRE-
SERVING QUESTION.

> The failure of defense counsel to object to the prosecutor's im-
> proper statement in closing argument that certain facts were
> uncontroverted barred appellate review where the error could
> have been cured by an instruction upon timely objection.

Appeal from Huron, Arthur M. Bach, J. Sub-
mitted Division 2 September 7, 1971, at Grand
Rapids. (Docket No. 11045.) Decided September
29, 1971.

Robert Bukoski, John Bukoski, and Thomas
Bukoski were convicted of obstructing a police
officer while attempting to perform his duty. De-
fendants appeal. Motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Peter B. Capling,*
Prosecuting Attorney, for the people.

*Marshall L. Wilson,* for defendants on appeal.

Before: FITZGERALD, P. J., and R. B. BURNS and
HOLBROOK, JJ.

REFERENCE FOR POINTS IN HEADNOTE
4 Am Jur 2d, Appeal and Error §§ 541, 624 *et seq.*

Per Curiam. Defendants were jointly tried before a jury and convicted on the charge of obstructing a police officer while attempting to perform his duty.[1] The defendants were sentenced to pay a $100 fine and $50 in court costs. Also, each of the defendants was placed on a one-year term of probation, the first 30 days of that period to be served in the county jail. A timely claim of appeal was filed and by order of the circuit court judge, an appeal bond was granted. The people have filed a motion to affirm the convictions and sentences.

The sole issue raised by the defendants is that the prosecutor committed reversible error when he represented facts contained in his closing argument as being "uncontroverted". This issue is without merit because the defense counsel at no time objected to the statement of the prosecutor. In *People* v. *Humphreys* (1970), 24 Mich App 411, 414, 415, we said:

"A conviction will not be reversed, however, if by failing to object, the defendant has allowed the impact of the prosecutor's remarks to go uncountered by an instruction. *People* v. *David Smith* (1969), 16 Mich App 198. The defendant will not be heard to complain of an error that could have been cured upon timely objection."

It is clear that the foregoing allegation of error could have been cured by a timely instruction and was not otherwise prejudicial.

The motion to affirm is granted.

---

[1] MCLA § 750.479 (Stat Ann 1954 Rev § 28.747).