## PEOPLE v BURD

1. CRIMINAL LAW—ASSISTANCE OF COUNSEL—EFFECTIVE COUNSEL—SHOWING CRIMINAL RECORD—TRIAL STRATEGY.

   A defendant is not necessarily deprived of effective assistance of counsel when his lawyer brings out the defendant's prior criminal record as a matter of trial strategy.

2. CRIMINAL LAW—ASSISTANCE OF COUNSEL—EFFECTIVE COUNSEL—SHOWING CRIMINAL RECORD—APPEAL AND ERROR—DEFENDANT'S OWN ERROR.

   Defendant's claim that he was denied effective assistance of counsel when his lawyer placed his prior criminal record before the jury in *voir dire* and in his opening jury address is beyond appellate consideration as being a claim of error which was of defendant's own making where placing the information before the jury was a part of defense counsel's trial strategy based on the intention of putting the defendant on the stand, and defendant was fully apprised of that strategy, plan, and intention, but refused to take the stand pursuant to his own secret trial strategy to surprise everyone.

3. CRIMINAL LAW—PROSECUTOR'S COMMENTS—THEORY OF DEFENSE.

   Comment by the prosecutor in his closing argument that certain of the defense's theories were unsupported was not error where those theories were not proved and completely unsupported by any evidence.

4. CRIMINAL LAW—ARRAIGNMENT—DELAY IN ARRAIGNMENT.

   A 12-hour delay between arrest and arraignment because the defendant was arrested in Lansing and transferred to Grand Rapids, where the crimes charged were committed and where

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 309 *et seq.*
[3] 53 Am Jur, Trial § 453 *et seq.*
[4] 21 Am Jur 2d, Criminal Law §§ 440, 445, 456.
[5] 21 Am Jur 2d, Criminal Law § 17.
[6] 29 Am Jur 2d, Evidence § 408.

the arraignment was held, did not entitle the defendant to a dismissal of the charges where during the delay neither a confession nor inculpatory statements were obtained (MCLA 764.13).

5. CRIMINAL LAW—CONSTITUTIONAL LAW—HARMLESS ERROR.
   Every constitutional error is not necessarily harmful; the test is whether the error was harmless beyond a reasonable doubt.

6. CRIMINAL LAW—EVIDENCE—INADMISSIBLE EVIDENCE—HARMLESS ERROR.
   Admitting into defendant's trial for armed robbery, rape, and kidnapping, an old jacket, adhesive tape, bank money bags, and checks payable to the bar robbed, was harmless error, assuming that the evidence was illegally seized, where there was uncontradicted and uncontroverted direct testimony that defendant committed the crimes charged, and there was properly-admitted evidence consisting of a gun, holster, incriminating clothing, motel bedsheets, satchel, ammunition and stolen money.

Appeal from Kent, Stuart Hoffius, J. Submitted Division 3 February 2, 1972, at Grand Rapids. (Docket Nos. 9554, 10080.) Decided February 28, 1972.

Keith E. Burd was convicted of armed robbery, kidnapping and rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Appellate Attorney.

*Edward L. Twohey* and *Robert A. Benson,* for defendant on appeal.

Before: FITZGERALD, P. J., and R. B. BURNS and HOLBROOK, JJ.

PER CURIAM. In a jury trial, defendant was found guilty of the following crimes: armed robbery,

MCLA 750.529; MSA 28.797; kidnapping, MCLA 750.349; MSA 28.581; and forcible rape, MCLA 750.520; MSA 28.788.

Mary Hudson and Gene Bohner, employees of Harry's Bar in Grand Rapids, testified that they were held up at gun point by the defendant at 2:30 a.m. on August 28, 1969. Bills and checks from the bar cash register were put into a paper bag. Defendant then forced them to accompany him to a Grand Rapids motel in Bohner's automobile. While at this motel, Mary Hudson was forcibly raped. They returned to Bohner's car and later Bohner was forced to register at a motel in Lansing. As they were going to the motel rooms, Bohner noticed that defendant had a satchel in one hand and the money in the other. Bohner hit defendant in the face and there was a struggle. Daniel Marvin, motel room clerk, arrived and was able to get defendant's gun. He held both Bohner and defendant captive until the police arrived and arrested defendant on a concealed weapons charge.

The officers seized defendant's satchel, the stolen money, revolver, and its holster. Bohner's vehicle was searched with his consent, and an old jacket, adhesive tape, bank money bags, and checks payable to Harry's Bar were found. In the satchel was clothing and ammunition.

Defendant was held in Lansing until the Grand Rapids police arrived, and defendant was released into their custody along with all of the seized evidence. In Grand Rapids, defendant was arraigned approximately 12 hours after his Lansing arrest. After a preliminary examination, defendant was bound over for trial. His motion to suppress all seized evidence was denied.

Defendant alleges that he was not guilty of the crimes charged, claiming there was a conspiracy

and collusion with the bar employees and consent to sexual relations by Mary Hudson.

Trial commenced on April 27, 1970, and the jury found defendant guilty of the crimes charged.

On appeal, defendant asserts a series of errors concerning alleged ineffective assistance of counsel, prosecutor's prejudicial remark, delay in arraignment, and inadmissibility of the seized evidence.

Defendant contends that he was deprived of a fair and impartial trial when his appointed counsel placed his criminal record before the jury in *voir dire* and in his opening jury address.

The people argue that it had been recommended and it was their understanding that defendant would testify. Defendant's belated refusal, after the submission of the people's case, came as a complete surprise and was the result of a scheme or plan.

During a jury absence, the following was recorded:

*"The Court:* Mr. Burd, yesterday afternoon, I think that all of us were surprised when you elected not to take the witness stand.

*"Respondent Burd:* That is the way I had it planned your Honor."

A defendant is not necessarily deprived of effective assistance of counsel when his lawyer brings out his prior criminal record as a matter of trial strategy. *People* v *Jelks,* 33 Mich App 425, 431 (1971); *People* v *Peabody,* 37 Mich App 87 (1971).

Defense counsel, in his opening jury address, stated that defendant did have a gun and that he had been guilty of prior criminal acts. Defendant was therefore fully apprised of his attorney's intentions and plan of defense. It is manifest from the record that defendant carried out a subjective plan to surprise everyone, including his defense attorney. A claim on appeal that his counsel was inadequate or

ineffective under these circumstances results in a claim of error which was of his own making and for this reason is beyond appellate consideration as error.

Defendant challenges the following prosecutor's remark:

"But with a theory that has never been testified to by anyone. That theory has never been subjected to cross-examination."

The defense of conspiracy, collusion, or consent to sexual relations was not proved and was completely unsupported by any evidence in the record. When there is no trial evidence to support a theory of defense, it is not error for the prosecutor to comment on this fact. *People* v *Jacoboni,* 34 Mich App 84, 86 (1971); *People* v *Bukoski,* 36 Mich App 171 (1971).

Defendant does not claim that his arrest was illegal. He argues that he was not brought before a Lansing magistrate, and holding him for the Grand Rapids police was an unnecessary delay in violation of MCLA 764.13; MSA 28.871(1).

The delay was approximately 12 hours during which neither a confession nor inculpatory statements were obtained. Under such circumstances, he is not entitled to a dismissal. *People* v *Griffin,* 33 Mich App 474 (1971). *Cf. People* v *Nawrocki,* 6 Mich App 46 (1967); *People* v *Dawson,* 29 Mich App 488 (1971).

Defendant contends that during his illegal detention in Lansing, evidence was obtained against him in the form of exhibits which were for this reason inadmissible, and it was error to deny his motion to suppress.

Defendant may have standing to challenge the admissibility of the objects taken from the Gene Bohner automobile. This is not a hot pursuit case,

or incidental to the arrest, and there was ample time after defendant's arrest to obtain a search warrant.

Notwithstanding the question of admissibility, the conviction does not necessarily fail. Every constitutional error is not necessarily harmful, the test being whether or not the error was harmless beyond a reasonable doubt. *Chapman* v *California,* 386 US 18; 87 S Ct 824; 17 L Ed 2d 705 (1967).

In this case there was uncontradicted and uncontroverted direct testimony that defendant was implicated in armed robbery, kidnap, and rape. Seized evidence consisting of a gun, holster, incriminating clothing, motel bedsheets, satchel, ammunition, and stolen money were all admissible under the legally-approved plain view doctrine. *People* v *Kuntze,* 371 Mich 419 (1963); *Harris* v *United States,* 390 US 234; 88 S Ct 992; 19 L Ed 2d 1067 (1968); *People* v *Bryant* 29 Mich App 625 (1971).

The evidence seized from the Bohner automobile was not so prejudicial as to constitute reversible error. This evidence was only cumulative to properly-admitted evidence and no miscarriage of justice resulted from its admission. *People* v *Loncar,* 4 Mich App 281 (1966); *People* v *Carter,* 28 Mich App 83 (1970).

Conviction affirmed.