## PEOPLE v. RIDLEY.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—OBJECTIONS NOT RAISED BEFORE TRIAL COURT.

Objections to the admission of testimony not raised during the trial and passed upon by the trial court will not be heard for the first time on appeal.

2. SAME—QUESTIONS REVIEWABLE—SAVING QUESTIONS FOR REVIEW.

Inherent power of appellate court to prevent fundamental injustice is not limited by what appellant is entitled to as a matter of right, and the court will exercise its prerogative of searching for error which reflects clear injustice, even when questions were not preserved for appeal by making objections at trial.

3. CRIMINAL LAW—ARMED ROBBERY—VOLUNTEERED CONFESSION.

Admission of testimony by a police detective about a confession of armed robbery made by defendant to detective, without warning by detective that defendant had the right to remain silent and that his statements could be used against him, held, not error where defendant volunteered the confession to the detective in a sheriff's office at a time when defendant was not in custody for crime he confessed to, and detective was there to transact business unrelated to defendant (CL 1948, § 750.529).

4. SAME—CONFESSION—EVIDENCE—PREJUDICE.

Reference by detective, in his testimony on cross-examination, to confession, made by defendant in prosecutor's office to

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 545.
[2] 5 Am Jur 2d, Appeal and Error § 548.
[3] 29 Am Jur 2d, Evidence §§ 545, 555-557.
Comment note.—Necessity of informing suspect of rights under privilege against self-incrimination, prior to police interrogation. 10 ALR3d 1054.
[4] 5 Am Jur 2d, Appeal and Error § 717.

crime of robbery armed after requesting counsel but without having counsel, *held*, not prejudicial, where first direct reference to the confession was made by defendant while personally conducting part of his trial (CL 1948, § 750.529).

Appeal from Oakland; Ziem (Frederick C.), J. Submitted Division 2 May 1, 1967, at Lansing. (Docket No. 312.) Decided December 1, 1967. Leave to appeal denied March 13, 1968. See 380 Mich 761.

Howard Ridley was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, and *Robert W. Leutheuser,* Chief Appellate Counsel, for the people.

*James E. Nichols,* for defendant.

T. G. KAVANAGH, P. J. This is an appeal from a conviction for robbery armed in violation of CL 1948, § 750.529 (Stat Ann 1965 Cum Supp § 28.797).

On June 17, 1963 the clerk in Aner's market, a grocery store in Farmington township, Oakland county, Michigan, was robbed by a man wearing a stocking mask over his face and threatening to kill her and the two customers who were in the store. He appeared to have a gun in his pocket.

On February 12, 1964, Detective Windburg of the Michigan State police was at the Oakland county sheriff's office. He recognized the defendant standing in the hallway and went over, shook hands and chatted with him briefly. He then left to take care of the business which had brought him to the sheriff's department (which in no way concerned the defendant) and as he was leaving, about half an hour later, the defendant called him over.

The detective testified that defendant told him that his conscience was bothering him and that he would like to tell him about a hold-up he had pulled in Redford township, Wayne county, Michigan, in May, 1963. He gave the detective a diagram which he had drawn indicating the location of the store. The detective reported the conversation to the Detroit post of the State police which had jurisdiction over the Wayne county area.

Thereafter on February 21, 1964 Detective Lepien from the Detroit post interviewed defendant at the Oakland county jail. Defendant confirmed the story which Detective Windburg had related, admitted that the diagram which Detective Lepien showed him was the one he had given Detective Windburg, and he described with some detail the manner of effecting the robbery.

Defendant now contends that Detective Lepien's testimony regarding his statements should not have been admitted at trial because he was not warned of his right to remain silent, or that his statements could be used against him. However, since defendant interposed no objection to the admission of this testimony at trial, he cannot raise the issue of admissibility on appeal. *People* v. *Huey* (1956), 345 Mich 120; *People* v. *Evans* (1966), 3 Mich App 1. Upon occasion this Court has entertained allegations of error which reflect clear injustice even though no objection was made at trial. See *People* v. *Hicks* (1966), 2 Mich App 461; *People* v. *Baker* (1967), 7 Mich App 471. Nevertheless, in the case at bar, the interview of defendant by Detective Lepien was the result of volunteered information given by defendant on his own motion. Upon the record there is no "clear injustice" such as would cause us to take cognizance of defendant's allegation of error. See *People* v. *Elliott* (1948), 322 Mich 313.

On May 8, 1964 Detective Lepien picked the defendant up at the county jail and took him to the prosecutor's office. On the way to the prosecutor's office the defendant said he wanted to talk to his attorney, and Detective Lepien said he could call his attorney from the prosecutor's office.

At the prosecutor's office the defendant was interviewed, and a statement was prepared but the defendant refused to sign it.

At the trial the clerk from the store, the two customers who were there at the time of the robbery, Detective Windburg and Detective Lepien testified for the people. Although he was represented at trial by retained counsel, the defendant asked for and was given permission to conduct part of the cross-examination himself.

During defendant's cross-examination of Detective Lepien the following took place:

"*Q.* Did you hear me make a confession at the prosecutor's office?

"*A.* I heard you tell Mr. Barry that you robbed Aner's market."

Defendant urges that since this confession was made after he had requested counsel, which request was not granted, the reference thereto at trial was reversible error under the holding in *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L ed 2d 977). A review of the record has disclosed, however, that there was no direct reference to this confession until defendant himself specifically asked about it on the cross-examination of Detective Lepien. Moreover, no objection was made to the trial court. Accordingly, defendant cannot now claim that he was denied a fair and impartial trial.

Affirmed.

LEVIN and SULLIVAN, JJ., concurred.