PEOPLE v. GARCIA

1. HOMICIDE—DIRECTED VERDICT—ELEMENTS OF CRIME—IDENTITY OF
MURDERER—EVIDENCE—CIRCUMSTANTIAL EVIDENCE.

Testimony that the perpetrator of a double homicide, in which
the defendant's wife and the man she was with were killed,
left the murder scene in a car that matched defendant's car
and had the same license number on it as defendant's car,
and testimony that defendant admitted to having been in
exclusive possession of the car during the time of the homi-
cides raised a permissible inference that defendant was the
assailant; this circumstantial evidence, tending to identify
the defendant as the murderer, was sufficient evidence on the
identity of the assailant to warrant a denial of defendant's
motion for a directed verdict.

2. CRIMINAL LAW—MOTIONS—DIRECTED VERDICT—STANDARD.

The test to be applied on a motion for a directed verdict in a
criminal prosecution is whether any evidence exists, either
direct or circumstantial, on each material element of the
offense charged; if that evidence exists, then the trial should
proceed to conclusion, at which time the trier of fact decides
whether the evidence is sufficient to establish guilt beyond a
reasonable doubt.

3. HOMICIDE—ASSAILANT'S IDENTITY—EVIDENCE—SUFFICIENCY.

Any alleged error in the sufficiency of the proof at the end of
the people's case on the issue whether the defendant was
the man who had committed a double homicide was cured
when defendant testified that he was the person with the gun,
but that the killings were accidental.

Appeal from Lenawee, Rex B. Martin, J. Sub-
mitted Division 2 May 10, 1971, at Lansing. (Dock-
et No. 9928.) Decided May 20, 1971. Leave to
appeal denied, 386 Mich 766.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial § 415 et seq.
[3] 40 Am Jur 2d, Homicide § 435.

Henry Garcia was convicted of first-degree murder.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for defendant.

Before: Danhof, P. J., and Fitzgerald and Quinn, JJ.

Fitzgerald, J.   This appeal arises from a factual situation that has plagued the human experience from the beginning of recorded history, and, most probably, for a good deal of time before that.   It appears that defendant, his wife, and another man were involved in what is known as the eternal triangle.   The triangle resulted in the death of the wife and the friend and the present, and contested, incarceration for life of the defendant.

Testimony at the nonjury trial indicated that at approximately 6:35 a.m. on Monday, December 15, 1969, the defendant's wife and a male companion were shot to death outside the factory where they worked.   Although there were a number of witnesses to the shootings, none could positively identify defendant as the perpetrator.   However, the people's witnesses did establish, among other things, that the perpetrator drove away in a car that matched the description of defendant's car and had the same license plate number; that defendant had previously threatened to kill his wife and anyone he found with her; and that defendant was in exclusive possession of the car at the time in question.   De-

fendant made a motion for a directed verdict at the close of the people's proofs, but the trial court denied it.

During the presentation of defendant's case, defendant took the stand and admitted that he was the one with the gun, but claimed the shootings were accidental.

The trial court found defendant guilty of murder in the first degree[1] and sentenced defendant to life imprisonment.

Defendant argues on appeal that it was error for the trial court to deny his motion for a directed verdict at the close of the people's proofs because there was no evidence presented as to the identity of the assailant.

Defendant is incorrect in stating that there was no evidence as to the identity of the perpetrator at the close of the people's proofs. There was no *direct* evidence of the identity of the perpetrator, but a review of the record shows that the people had introduced *circumstantial evidence* from which it could properly be inferred that defendant was in fact the perpetrator. *People* v. *Kern* (1967), 6 Mich App 406, 409, 410. As mentioned earlier, there was testimony that the perpetrator left the scene in a car that matched defendant's and had his license number on it. Additionally, the testimony from a state trooper that defendant had admitted being in exclusive possession of the car during the time in question certainly raises a permissible inference that he was the perpetrator.

Defendant argues that the facts and evidence at the end of the people's case did not prove defendant guilty beyond a reasonable doubt, therefore, the

---

[1] MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).

trial judge should have granted defendant's motion for a directed verdict.

Unfortunately for defendant, the test to be applied on a motion for a directed verdict is not whether the evidence presented proves guilt beyond a reasonable doubt. It is, rather, whether or not there is any evidence at all, either direct or circumstantial, on each material element of the offense. *People* v. *Abernathy* (1931), 253 Mich 583; *People* v. *Snake* (1970), 22 Mich App 79. Or, in other words, a motion for a directed verdict cannot be granted "unless there is no evidence at all upon a material point." *Abernathy, supra,* p. 587. Therefore, if there is any evidence at all, be it direct or circumstantial, on each of the elements of the offense, the motion for a directed verdict should be denied and the trial should proceed to conclusion, at which time the fact finder then decides whether or not the evidence is sufficient to establish guilt beyond a reasonable doubt. *Abernathy, supra.*

In the instant case, at the time the motion for a directed verdict was made, there was some evidence on all of the elements of the offense charged. Therefore, the motion was properly denied.

Additionally, any alleged error in the sufficiency of the proofs was cured when defendant himself took the stand and admitted that he was the one with the gun, but contended that the shooting was accidental. As we said in *People* v. *Qualls* (1968), 9 Mich App 689, 697:

"When testimony supporting the prosecution's theory is subsequently supplied by the defendant, the trial judge is correct in denying a motion for a directed verdict."

*People* v. *Barlow* (1903), 134 Mich 394.

After this testimony was given, the question then

became not one of identity, but whether or not the trier of fact found the shooting to be accidental; obviously, he did not so find.

Therefore, the trial court should be, and hereby is affirmed.

All concurred.