## PEOPLE *v*. WESLEY BROWN

1. CRIMINAL LAW—APPEAL AND ERROR—PRESERVING QUESTION—CLEAR INJUSTICE.

Trial errors which are raised for the first time on appeal must reflect a "clear injustice" to merit an appellate review despite the absence of objection to the errors at trial.

2. CRIMINAL LAW—MOTION TO DISMISS—DENIAL.

A defendant's motion to dismiss a criminal charge should be denied if there is any evidence, either direct or circumstantial, on each material element of the offense, and the trial should proceed to conclusion, when the fact finder decides whether or not the evidence is sufficient to establish guilt beyond a reasonable doubt.

Appeal from Calhoun, Creighton R. Coleman, J. Submitted Division 3 June 11, 1971, at Grand Rapids. (Docket No. 9150.) Decided July 23, 1971. Leave to appeal denied, 386 Mich 768.

Wesley Brown was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John M. Jereck,* Prosecuting Attorney, and *William J. Stiner,* Chief Assistant Prosecuting Attorney, for the people.

*Edward J. Hackett,* for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 549.
[2] 21 Am Jur 2d, Criminal Law § 512 *et seq.*

Before: R. B. Burns, P. J., and Fitzgerald and J. H. Gillis, JJ.

Fitzgerald, J. Defendant, Wesley Brown, was tried before judge and jury on January 13–15, 1970. He was convicted of first-degree murder* of a poolroom owner in Battle Creek and sentenced to life imprisonment.

Pertinent facts developed at trial were the following: The victim, M. C. McKnight, was the owner of the McKnight and Lee Pool Room in Battle Creek. In the early evening of October 3, 1969, defendant arrived at the poolroom. Defendant and victim forsook pool for a game of cards. After engaging in the card game for a period of time, the victim and defendant joined other patrons in a game of dice. A dispute then arose between defendant and victim. The two argued for sometime and then both separately left the poolroom. After a short time, both defendant and victim returned, again separately, to the poolroom and the argument resumed again. Witnesses testified that at this point defendant fired three shots from a pistol and the victim slumped to the floor. Defendant then left the premises and walked to the local police station where he turned himself in. After languishing 19 days, the victim died.

Defendant's first issue on appeal is that the prosecutor made prejudicial remarks during his closing argument that amount to reversible error.

We note that no objection was made at the time of the closing argument to the contested remarks. The lower court gave sufficient instructions to correct any possible harm, though we have also reviewed the record and can find no reversible error.

---

* MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).

As we said in *People* v. *Glessner* (1969), 19 Mich App 535, 536–537:

"Further, defendant contends that certain remarks made by the prosecutor during the trial and in his final argument were prejudicial. The record shows that these remarks of the prosecutor were made without any objection by defense counsel, and therefore this alleged ground is also inoperative. *People* v. *Hider* (1968), 12 Mich App 526. Having read the record, we are of the opinion that the defendant's allegations of error, as above mentioned, do not reflect a 'clear injustice' which merits review despite the absence of contemporaneous objection. See *People* v. *Ridley* (1967), 8 Mich App 549."

Defendant also contends on appeal that the lower court was in error in denying defendant's motion to dismiss the charge of first-degree murder because there was no showing of premeditation in the people's proofs.

In considering a motion to dismiss, the trial court must look at the people's evidence and determine whether there is any evidence at all, either direct or circumstantial, on each material element of the offense. *People* v. *Garcia* (1971), 33 Mich App 598; *People* v. *Abernathy* (1931), 253 Mich 583. If there is any evidence at all on each of the elements, the motion to dismiss should be denied and the trial should proceed to conclusion, at which time the fact finder decides whether or not the evidence is sufficient to establish guilt beyond a reasonable doubt.

A review of the transcript shows that at the time the motion to dismiss was made, the evidence indicated, among other things, that 1) the defendant and victim had argued, 2) that defendant left the

premises and then returned armed, and 3) the defendant then shot the victim three times. We hold that this evidence is sufficient to defeat a motion to dismiss. *Garcia, supra.*

Affirmed.

All concurred.