PEOPLE *v* MOORE

1. BURGLARY—BREAKING AND ENTERING—EVIDENCE.

Evidence was sufficient to support defendant's conviction of breaking and entering where a codefendant testified that he had taken fire extinguishers from a building and police officers testified that they arrived at the building within a few minutes after a silent alarm signal had gone off and that the defendant and his codefendant were in a car with the fire extinguishers in a parking lot near the building when they arrived, even though the codefendant testified that the defendant did not participate in the crime, because the evidence supports an inference that the defendant was the driver of the getaway car.

2. CRIMINAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION—INSTRUCTIONS TO JURY.

A defendant's right not to take the stand is part of the law applicable to the case within the statutory provision requiring a trial judge to instruct the jury as to the law applicable to the case; a defendant, even without regard to that statute, is entitled to an instruction regarding his right not to testify if he requests an instruction (MCLA 768.29).

3. CRIMINAL LAW—FUNDAMENTAL MATTERS—INSTRUCTIONS TO JURY.

A judge must give a requested instruction to the jury on a fundamental matter if the request is made before the jury retires to consider its verdict, even though there was not a previous request to charge; failure to give the requested instruction is error.

4. CRIMINAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION—INSTRUCTIONS TO JURY.

A defendant's right to an instruction that no inference adverse

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur 2d, Burglary § 53 *et seq.*
[2, 3] 53 Am Jur, Trial § 513 *et seq.*
[2, 4] 21 Am Jur 2d, Criminal Law § 356.
Right of accused to instruction that his failure to testify shall not be taken against him. 84 L Ed 261.

to him shall be drawn by reason of his failure to take the stand concerns a fundamental right and a failure to grant a request to charge concerning that right, made before the jury retires to consider its verdict, constitutes error even though defendant filed no written request to charge.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 January 6, 1972, at Detroit. (Docket No. 11069.) Decided March 22, 1972.

Willie James Moore was convicted of breaking and entering. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: LEVIN, P. J., and HOLBROOK and BRONSON, JJ.

LEVIN, P. J. The defendant, Willie James Moore, appeals his conviction of breaking and entering. MCLA 750.110; MSA 28.305.

Moore contends that the evidence did not establish that *he* broke and entered the building, and that the trial judge erred in refusing to instruct the jury that no inference should be drawn against Moore because of his failure to take the stand. We hold that there was sufficient evidence to support the jury's verdict, that the judge did err in so refusing to charge, and remand for a new trial.

## I.

Moore and John Barnes were seated in an automobile in a parking lot near a building when a police cruiser pulled alongside. The officers observed a crowbar and six fire extinguishers in the automobile occupied by Moore and Barnes. The fire extinguishers had been taken from the building. A window of the building had been broken, a screen had been pulled loose, and the window raised. The officers arrived at approximately 7:45 a.m. A person who worked in the building testified that when he closed it at 9:30 p.m. on the preceding day he had checked the windows and doors and ascertained that they were closed.

Before Moore's trial, Barnes pled guilty to having broken and entered the building. Barnes testified for the defense. He was a dope addict who supported his habit by stealing. He said that while walking past the building he observed that a window was broken, pushed it up, and then reached in and removed the fire extinguishers. A short time later he saw Moore working on an automobile and asked him to drive him "somewhere to pick up something and run me somewhere; and I told him I'd pay him". Moore agreed and drove Barnes to the building where Barnes placed the fire extinguishers in the automobile. Barnes said that Moore, sensing the business that Barnes was about, "didn't want to take me. So we was sitting up there arguing". The police then pulled up. Barnes said Moore did not have anything to do with the breaking or entering or with stealing the fire extinguishers.

Moore did not take the stand in his own defense.

Resolution of the disputed issue of Moore's guilt or innocence turned on the jury's appraisal of the credibility of the witnesses. The police officers testified that they arrived at the scene within a few

minutes after receiving a radio call directing them to proceed to the building in response to a silent alarm signal from the building. If the jurors believed that testimony they could properly conclude that the breaking and entering occurred shortly before the police arrived and that Barnes was lying when he said it occurred some time before he prevailed on Moore to assist him in picking up "something".

In *People v McDonald*, 13 Mich App 226, 236–237 (1968), we acknowledged that the rule is "that unexplained possession of property recently stolen, *unaccompanied by other facts or circumstances indicating guilt,* will not sustain a conviction for breaking and entering, even though it is some evidence that the possessor is guilty of theft". (Emphasis supplied.)[1] We affirmed McDonald's conviction because we found that the record did contain evidence tending to establish additional facts and circumstances from which the jurors could properly have found that McDonald broke and entered the building. In *McDonald,* as here, the people's evidence tended to show not only that the defendant was in possession of stolen goods taken from the building but also that he was in a parking lot adjoining the building shortly after it was broken into.

Barnes' testimony that he pushed up the window, entered the building, and stole the fire extinguishers, coupled with a jury finding that the breaking and entering occurred shortly before the police arrived, supports an inference that Moore was an accomplice, the driver of the get-away car, and, thus, part of an illegal concert of action, not merely an innocent person accommodating Barnes. Those permissible findings and inferences, all entirely reasonable,

---

[1] Similarly, see *People v Williams,* 368 Mich 494, 501 (1962); *People v Stoneman,* 7 Mich App 65 (1967).

support the jury's verdict convicting Moore of the charged offense.

## II.

After the judge had completed his instructions to the jury he inquired, outside the presence and hearing of the jury, whether the lawyers for the parties were satisfied with the instructions. Moore's lawyer responded that he objected to the judge's failure to instruct the jurors "that no inference shall be drawn against the defendant because of failure to take the stand". The judge replied that he was not obliged to give this instruction because the instruction had not been earlier requested.

In *People* v *Pruitt,* 29 Mich App 230, 232–233 (1970), we said that a defendant's right not to take the stand is part of "the law applicable to the case" within the meaning of MCLA 768.29; MSA 28.1052, which provides in part:

"The court shall instruct the jury as to the law applicable to the case   *   *   *   . The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused."

We also said, on the authority of *People* v *Provost,* 144 Mich 17, 23 (1906), that, without regard to the quoted statutory provision, a defendant is entitled to an instruction regarding his right not to take the stand. In *Provost* the Supreme Court declared that upon a defendant's request the jury should be informed of his right to elect not to testify "to prevent the creation in their minds of any presumption of guilt by reason of his silence".

In *Pruitt* we concluded that "there is *no discretion* in the trial court when requested to give an instruction similar to the one requested here and the court's refusal to give the instruction is error. *The choice*

as to whether such an instruction is to be given to the jury *is the defendant's and not the trial court's"*. (Emphasis supplied.) Similarly, see *People v Abernathy*, 29 Mich App 558 (1971).[2]

The judge's refusal to give the instruction cannot be justified on the ground that Moore's lawyer had not requested the instruction before the judge began to instruct the jurors. The court rule, GCR 1963, 516.1, in pertinent part provides:

"1. At or before the close of the evidence, any party may, or at any time the court reasonably directs, the parties shall file written requests that the court instruct the jury on the law as set forth in the request. * * *

"2. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."[3]

---

[2] In *Abernathy* we said that we are aware of the difference of opinion among lawyers concerning the value of the instruction, and reiterated our holding in *Pruitt* that the choice is the defendant's to make. We held that the judge did not err in giving a cautionary instruction regarding Abernathy's failure to testify because the instruction had been discussed in chambers before it was given and Abernathy's lawyer had voiced no objection to the judge's announced intention to give the instruction.

See, generally, 2 Wright, Federal Practice & Procedure, § 501, p 346 *et seq.*

[3] The code of criminal procedure provides:

"The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused." MCLA 768.29; MSA 28.1052.

GCR 1963, 785.1 provides that the General Court Rules "shall apply to criminal cases, except as otherwise provided by rule or statute, and except when it clearly appears they apply to civil actions only, or where statutes or special court rules provide a different procedure".

It does not clearly appear that the provisions of rule 516 should apply to civil actions only, or that the provisions of the code of criminal procedure provide for "a different procedure". Accordingly, we proceed to decide this case on the basis that rule 516 is applicable.

It will be observed that, while the rule expressly provides that a party may not assign as error the giving or the failure to give an instruction "unless he objects thereto before the jury retires to consider the verdict", it does not state the consequence of a failure to exercise timely the right to file a written request to charge.

In this case there is no need to decide under what circumstances a judge may properly refuse an instruction to which the requesting party is entitled on the ground that the request, although made before the jury retires to consider its verdict, was not made at or before the close of the evidence.[4] Whatever the rule should be regarding requests to charge on matters which are not fundamental, where the request concerns a fundamental matter and the request is made before the jury retires to consider its verdict, the judge must grant it even though there was not a previous request to charge; failure to give the instruction when so requested is error. See 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Authors' Comments, p 567.[5]

---

A considerable number of the General Court Rules have been held to be applicable in criminal proceedings. See *People v Thomas,* 25 Mich App 213, 215 (1970), and cases cited in fn 5 of that opinion.

[4] Compare *People v Craig,* 18 Mich App 354, 355 (1969) ("a request to charge is timely if presented to the court before the case is submitted to the jury") with *People v Herbert Van Smith, Jr.,* 30 Mich App 384, 388 (1971), *leave granted* 384 Mich 835 (1971) ("request must ordinarily come at or before the close of the evidence"). See, also, *People v Wynn,* 386 Mich 627 (1972).

[5] *Cf. People v Liggett,* 378 Mich 706, 714 (1967); *People v Price,* 21 Mich App 694, 697 (1970); *People v Bowen,* 10 Mich App 1 (1968).

It has been said that the discretion confided to a trial judge to refuse an untimely request should be "sparingly and cautiously exercised". *McGuire v Davis,* 437 F2d 570, 574 (CA 5, 1971). Similarly, see *United States v Ellis,* 67 F2d 765, 767 (CA 5, 1933), where the Court said:

"[The rule] was not intended to be, it should not be, enforced so as to prevent a full and clear submission of defensive theories even though not timely presented, when, as here, the [instructions] are few in number and simple in scope and effect."

A defendant's right to an instruction that no inference adverse to him shall be drawn by reason of his failure to take the stand concerns a fundamental right and a failure to grant a request to charge concerning that right, made before the jury retires to consider its verdict, constitutes error even though no written request to charge was filed. Compare *People* v *Craig,* 18 Mich App 354 (1969).

The error cannot be ignored as harmless. Here, in contrast with *Pruitt,* where we found the error to be harmless, the defendant offered evidence opposing the people's evidence. Moore's evidence, if believed by the jury, would support a verdict of acquittal. Where the resolution of the disputed factual issue turns on the credibility of the witnesses, we may not consider whether the jury would have reached the same result even if the error had not occurred.[6] To proceed otherwise would be to invade the trier-of-fact's exclusive province to decide on the credibility of the witnesses.

Reversed and remanded for a new trial.

All concurred.

---

[6] To rule otherwise would be tantamount to holding that the cautionary instruction is of no value, which would be beyond our province to declare. See fn 2.