PEOPLE v KIRTDOLL

Opinion of the Court

1. Criminal Law—Evidence—Business Records—Admissibility.

The business record exception to the hearsay rule is inapplicable in criminal cases (MCLA 600.2146).

2. Rape—Evidence—Business Records—Admissibility.

Permitting a physician other than the treating physician to testify from a hospital record, over objection, that the complainant had been examined at the hospital after she had complained of having been raped, and that the examination showed the presence of sperm, constituted reversible error where the only evidence establishing the defendant's implication was the complainant's testimony which was strengthened, despite defendant's on-the-stand denials, by the medical record disclosing evidence of sexual intercourse.

3. Robbery—Evidence—Business Records—Admissibility.

Admission of a hospital record showing that an examination of the complaining witness had revealed the presence of sperm, which strengthened her testimony that she had been raped, tainted the conviction of defendant of armed robbery as well as a conviction of rape even though the hospital record did not bear on the issue of his guilt or innocence of the robbery charge, where the crucial question was the credibility of the complaining witness, that is, whether her testimony identifying defendant as her assailant was to be believed, and admission of the record tended to strengthen her testimony.

Dissent by Danhof, P. J.

4. Criminal Law—Evidence—Business Records—Admissibility.

*The general prohibition against the use of business records in criminal cases should be re-examined because the rule excludes the more reliable written proof, but allows the person who*

References for Points in Headnotes

[1, 4] 30 Am Jur 2d, Evidence § 914 *et seq.*
[2, 3, 5] 40 Am Jur 2d, Hospitals and Asylums §§ 42, 43.

*made the record, and probably has no independent recollection of it, to read the record, state that his memory is refreshed, and then testify to the facts contained in the record.*

5. Rape—Evidence—Hospital Records—Admissibility.

*Admission in a trial for rape and armed robbery of a hospital record showing that sperm had been found in the prosecuting witness after she had complained that she had been raped did not constitute reversible error where the hospital record tended to bolster her testimony only to the extent of showing that she had had intercourse, there was nothing in the record to indicate that she was lying, and the real question in the case was the accuracy of her identification of the defendant.*

Appeal from Recorder's Court of Detroit, Robert L. Evans, J. Submitted Division 1 May 11, 1972, at Detroit. (Docket No. 12437.) Decided December 7, 1972. Leave to appeal granted, 389 Mich 784.

Willie Kirtdoll was convicted of rape and of armed robbery. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Kenneth R. Teschendorf,* for defendant on appeal.

Before: Danhof, P. J., and Levin and Borradaile,* JJ.

Per Curiam. The defendant, Willie Kirtdoll, appeals his convictions of the crimes of rape

_____
* Former circuit judge and now probate judge, sitting on the Court of Appeals by assignment.

(MCLA 750.520; MSA 28.788) and robbery armed (MCLA 750.529; MSA 28.797).

At the trial a physician other than the treating physician was permitted to testify, over objection, from a hospital record that the victim was seen at the emergency room of the hospital at 10:53 p.m. on April 18, 1967, a little over an hour after the crime was alleged to have been committed, and that the results of the examination showed sperm.

In *People v Lewis*, 294 Mich 684, 688 (1940), the Michigan Supreme Court held that the business record exception (now MCLA 600.2146; MSA 27A.2146) to the hearsay rule is inapplicable in criminal cases on the ground that a contrary rule would violate the constitutional right of confrontation guaranteed persons accused of crime.

In *People v Gauthier*, 28 Mich App 318, 321–322 (1970), Judge GILLIS of this Court examined the *Lewis* rule and stated:

"We proceed here on the assumption that Justice WIEST's declaration is decisionally binding on this Court and that the Supreme Court did not intend its holding in *Lewis* to be limited to the facts of the case. However, on this appeal the people contend, and we agree, that *Lewis* was incorrectly decided. Our research leads us to the view that *Lewis'* general prohibition against the use of business record hearsay in criminal cases rests upon an unsound—if indeed any—analysis of the scope of the confrontation clause. We write in the hope that the *Lewis* rule will, on an appropriate record, be re-examined by its creating tribunal."

The Michigan Supreme Court did not, however, accept the invitation extended to it to reconsider *Lewis.* Leave to appeal was denied in *People v Gauthier*, 384 Mich 812 (1971).

In *Gauthier,* we concluded that the error was harmless beyond a reasonable doubt. In this case

we could not properly affirm the defendant's conviction on that basis.

The only evidence implicating the defendant was the testimony of the victim. The defendant took the stand and denied that he had committed the crimes charged against him. The evidence that shortly after the victim returned to her home she complained that she had been raped, and that a medical examination showed evidence of sexual intercourse tended to strengthen her testimony.

The issue of guilt or innocence turned entirely on the credibility of the witnesses. Especially where, as here, the only testimony establishing the commission of the crime is the testimony of the victim, we could not properly declare a belief beyond a reasonable doubt that the inadmissible evidence here introduced did not affect the result. See *People v Moore,* 39 Mich App 329, 336 (1972).

Although the inadmissible evidence did not bear on the issue of the defendant's guilt or innocence of the charge of armed robbery, the crucial question was the credibility of the complaining witness —whether her testimony identifying the defendant as her assailant was to be believed. The introduction of the inadmissible evidence, which tended to strengthen her testimony, tainted the conviction of armed robbery as well as the conviction of rape.

Without intimating an opinion whether *Gauthier* expresses a sound view of the matter, this panel again wishes to highlight the importance of the question dealt with in *Lewis* and *Gauthier.* The question recurs with considerable frequency and, therefore, it is a matter of importance to the jurisprudence. Reconsideration of *Lewis* by the Supreme Court in an appropriate case would be desirable.

Reversed and remanded for a new trial.

Levin and Borradaile, JJ., concurred.

DANHOF, P. J. *(dissenting)*. I agree with the majority that it is time that the question of admitting business records in criminal cases was reexamined. This case presents a vivid example of the weakness of the present rule. The error which the majority finds reversible consists of using a hospital record instead of calling the examining physician, who apparently has left the jurisdiction. The hospital record is by far the most reliable evidence that the complaining witness had had intercourse. Probably the examining physician would have had no independent recollection of the examination, and if called he would have read the record, stated that his memory was refreshed, and then testified to the facts contained in the record. A rule which excludes the more reliable of two types of proof is surely in need of reexamination. I do not agree with the majority that the admission of the hospital record must be considered reversible error.

I agree that this case turns on the credibility of the witnesses and that the hospital record tends to bolster the complaining witness's testimony. However, it does so in the sense of vouching for her veracity. I would submit her veracity needs no bolstering. There is absolutely nothing in this record that suggests that the complaining witness is not telling the truth, and there is a good deal that indicates that the defendant is lying.

The majority seems to recognize the truthfulness of the complaining witness's testimony when it says, "the crucial question was the credibility of the complaining witness—whether her testimony identifying the defendant as her assailant was to be believed." If the hearsay had tended to support the identification of the defendant, I would agree that under *People v Lewis,* 294 Mich 684 (1940),

reversible error was committed. However, the hospital record sheds no light on the complaining witness's powers of observation. It only serves to vouch for her truthfulness and it supports her truthfulness only to a limited extent. All that the hospital record shows is that the complaining witness had had intercourse, it does not and could not show that she was raped. There is a good deal in the record that supports the accuracy of the complaining witness's testimony. The complaining witness testified that she had first encountered the defendant at a bus stop and that he sat next to her on the bus. Thus, she was able to observe the defendant for an extended period of time. She also stated that on a subsequent occasion she had seen the defendant on the street. The complaining witness identified a watch as hers. The watch had been recovered from a pawn shop and the police were led to the defendant by his thumb print which appeared on the pawn ticket.

Were this a case where there was any indication of a wholly fabricated charge I would view the admission of the hospital record differently. However, this is not such a case. There is nothing in the record to suggest that the complaining witness is acting for any reason other than that she was raped and her watch was stolen. To infer otherwise would be to indulge in speculation.

I would affirm the defendant's convictions.