PEOPLE v DeCLERK

1. WEIGHTS AND MEASURES—SALES—SERVANT OR AGENT—MISREPRE-
   SENTATION OF QUANTITY—WEIGHTS AND MEASURES ACT.

   Any person who, by himself or by his servant or agent or as the
   servant or agent of another person, sells, or offers or exposes
   for sale, less than the quantity he represents of any commodity,
   thing or service, violates the Weights and Measures Act (MCLA
   290.631).

2. CRIMINAL LAW—DIRECTED VERDICT OF ACQUITTAL—DISMISSAL—EVI-
   DENCE—ELEMENTS OF OFFENSE—JUDGE'S DUTY.

   A court, in considering a defendant's motion for a directed verdict
   of acquittal or dismissal in a criminal case, must look at the
   prosecution's proofs and determine whether there is any evi-
   dence at all, either direct or circumstantial, on each material
   element of the offense.

3. CRIMINAL LAW—MOTIONS—DIRECTED VERDICT—ACQUITTAL—DIS-
   MISSAL—EVIDENCE—ELEMENTS OF OFFENSE.

   A defendant's motion for a directed verdict of acquittal or dis-
   missal must be granted if the prosecution does not establish
   some evidence on every element of the offense charged without
   the aid of defendant's proofs.

Appeal from Recorder's Court of Detroit, Justin
C. Ravitz, J. Submitted Division 1 January 8, 1975,
at Detroit. (Docket No. 19266.) Decided February
12, 1975. Leave to appeal applied for.

Arthur DeClerk was convicted of violating the

REFERENCES FOR POINTS IN HEADNOTES
[1] 56 Am Jur, Weights, Measures, and Labels § 17 *et seq.*
[2, 3] 75 Am Jur 2d, Trial §§ 548–558.
   Power and duty of court to direct or advise acquittal in criminal
   case for insufficiency of evidence. 17 ALR 910.

Weights and Measures Act. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Robert Horn,* Assistant Prosecuting Attorney, for the people.

*Honigman, Miller, Schwartz & Cohn* (by *John M. Kamins),* for defendant.

*Amici Curiae:* Michigan Association of Consumer Protection, Michigan Alliance of Consumer Protection, Michigan Mobile Homeowners Association, and Public Interest Research Group in Michigan, by *George L. Corsetti, Ernest Jay Olivares,* and *Carl R. Craig.*

Before: QUINN, P. J., and BASHARA and R. M. MAHER, JJ.

BASHARA, J. Defendant was convicted in a bench trial of violating the Michigan Weights and Measures Act, MCLA 290.631; MSA 12.1081(31), and was sentenced to one day in jail.

It is undisputed that on August 9, 1973, Mr. Ronald R. Reedy, a food inspector for the Michigan Department of Agriculture, the sole prosecution witness, entered a Wrigley Supermarket to test the weight of the contents of pre-packaged meat in the display case. He testified that of the 40 packages tested, 33 weighed less than the marked weight. He further testified that above the meat display there was a picture of the defendant which described him as the "meat manager" or the "mas-

ter butcher".[1] Mr. Reedy further testified that defendant greeted him when he entered the store; that defendant assisted him in checking the weights; that he had spoken to the defendant in the meat department on one or two prior occasions; and that defendant and the store manager were shown copies of the report. On cross-examination, Mr. Reedy testified he did not know defendant's responsibilities as meat manager.

The record also disclosed that, along with defendant, Wrigley's Supermarket was charged with the violation of the statute in question. At a separate proceeding, Wrigley's pled guilty to the charge and was fined.

Defendant moved for a directed verdict of acquittal at the close of the people's proofs, arguing that the prosecution had failed to establish a prima facie case. The motion was denied.[2]

The issue dispositive of this appeal is whether the trial court erred in denying defendant's motion for a directed verdict.

MCLA 290.631; MSA 12.1081(31), reads in pertinent part:

"Any person who, by himself or by his servant or agent, or as the servant or agent of another person, performs any of the acts enumerated in this section shall be guilty of a misdemeanor.

\* \* \*

"(e) Sell, or offer or expose for sale, less than the

[1] Although this testimony was admitted at trial without objection, it was clearly hearsay and would have been inadmissible had it been objected to.

[2] We should note that where a trial is held without a jury, the proper motion at the conclusion of the people's proofs is one for dismissal under GCR 1963, 504.2. Since no issue was made of this at trial, we shall consider defendant's motion for directed verdict of acquittal as a motion to dismiss.

quantity he represents of any commodity, thing or service."

Our research discloses no reported Michigan decisions construing this statute. It is then incumbent upon us to analyze the acts which must be proven to uphold a conviction. Under the express terms of this statute, a defendant may be held responsible for selling or offering or exposing for sale short-weight meat if (1) he (defendant) did it by himself, or (2) if it was done by his (defendant's) servant or agent, or (3) if the act was done by him (defendant) as an agent or servant of a principal.

The trial court, in considering a defendant's motion for a directed verdict of acquittal or dismissal in a criminal case, must look at the people's proofs and determine whether there is any evidence at all, either direct or circumstantial, on each material element of the offense. *People v Wesley Brown,* 35 Mich App 153; 192 NW2d 281 (1971). If there is no evidence at all on any of the elements, the motion must be granted.

A review of the transcript reveals that there was no evidence that the defendant did the short weighing himself, nor that it was done by his servant or agent. When defendant produced his defense, a defense witness, Mrs. Wrona, who was a former employee of Wrigley's Supermarket, testified that she had inadvertently failed to properly adjust the pricing-labeling machine. She thus testified that it was by her neglect that the short weighing resulted. The defendant testified that although he had the responsibility for spot checking Mrs. Wrona's work, he did not have the authority to hire or fire her. Since this case presents a motion for directed verdict, we decline to address the question of whether Mrs. Wrona was defendant's servant or agent.

We are not unmindful of the sometime-stated rule that a reviewing court will affirm the denial of defendant's motion for a directed verdict even though the prosecution has failed to produce any evidence on a crucial element of the offense, if the subsequent testimony of the defendant supplies the deficiency. *People v Qualls,* 9 Mich App 689; 158 NW2d 60 (1968); *People v Garcia,* 33 Mich App 598; 190 NW2d 347 (1971). Both *Qualls* and *Garcia, supra,* rely on *People v Barlow,* 134 Mich 394; 96 NW 482 (1903), as their authority for this rule. Upon examining the holding in *Barlow,* we find that the Court denied defendant's motion for a directed verdict not for the reason stated in *Qualls* and *Garcia, supra,* but because the prosecutor had made out a prima facie case. The court simply held that defendant's testimony only strengthened the people's case.

We think the better rule is that if the people without the aid of defendant's proofs do not establish some evidence on every element, a directed verdict for acquittal or a motion to dismiss must be granted if requested.

We, therefore, hold the trial court erred when it failed to grant a directed verdict in defendant's favor.

We recognize, as did the trial court, the protection this statute was intended to afford the consuming public. We are in total agreement with the purpose of this statute and would urge its strict enforcement. However, when an individual stands to be convicted of a crime, the prosecution must be prepared to prove each and every element of the offense charged beyond a reasonable doubt. Failure to do so must result, upon proper motion, in a directed verdict or dismissal.

Reversed.