PEOPLE v OLSON

1. WITNESSES—RES GESTAE WITNESSES—BREAKING AND ENTERING—
   SEPARATE TRIALS.

   An eyewitness to the breaking and entering of a gas station was
   not a res gestae witness to a breaking and entering of a
   manufacturing plant, although the two crimes were allegedly
   committed by the same defendants on the same date, where
   separate trials were held for each breaking and entering, the
   trial judge had disallowed any mention of the gas station
   matter in the trial for the breaking and entering at the plant,
   and where the witness had no testimony to offer with regard to
   the breaking and entering at the plant.

2. CRIMINAL LAW—BREAKING AND ENTERING—EVIDENCE—JURY.

   The mere possession of recently stolen property is insufficient to
   allow a case to go to the jury on the charge of breaking and
   entering.

3. CRIMINAL LAW—BREAKING AND ENTERING—EVIDENCE—JURY.

   There was sufficient evidence to allow a case of breaking and
   entering to go to the jury where a defendant was shown to be
   in possession of burglary tools as well as stolen goods at the
   time of his arrest, and where one of the burglary tools was
   directly linked to the scene of the crime by expert testimony.

Appeal from Eaton, Richard Robinson, J. Sub-
mitted March 3, 1975, at Grand Rapids. (Docket
No. 19389.) Decided October 27, 1975.

Daniel H. Olson was convicted of breaking and
entering. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 708 et seq.
[2] 13 Am Jur 2d, Burglary §§ 50, 53.
[3] 13 Am Jur 2d, Burglary §§ 53, 77.
  Construction and application of statute relating to burglars' tools.
  103 ALR 1313.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David L. Smith,* Prosecuting Attorney, and *Chester S. Sugierski, Jr.,* Assistant Prosecuting Attorney, for the people.

*Dennis H. Benson,* Assistant State Appellate Defender, for defendant.

Before: D. E. HOLBROOK, P. J., and BRONSON and M. J. KELLY, JJ.

M. J. KELLY, J. Two separate B & E's were committed in Charlotte, Michigan on the date in question. This defendant and his companion were tried for each B & E in separate trials. This case involved the second B & E. On appeal following conviction this matter was previously remanded to the trial court for an evidentiary hearing on the question of whether one Neil Howe was a res gestae witness in this, the second trial.

Howe, the 21-year-old son of the police chief, was a res gestae witness in the trial of the *People v Kenneth Smith* and *Daniel Olson,* for breaking and entering Denny's Total Service, also known as Denny's Bay Station. This crime was alleged to have occurred in the early morning hours of May 20, 1973 in Charlotte, Michigan. The defendants were tried on that charge and acquitted by directed verdict of not guilty by the trial court. Howe had been an eyewitness to the breaking and entering. He had driven by the station and seen two men, first crouched in the doorway, and later inside the premises when he circled the block. He went directly to the police station and told the officer in charge that if he wanted to stop a B & E in progress, he should get over to Denny's Bay Station, where two men, one who looked like a

Mexican and the other unidentified, were inside the premises.

At the trial of this case on the charge of breaking and entering Scheib Industries, a manufacturing plant located on Hall Street, Charlotte, Michigan, on the same early morning of May 20, 1973 against the same defendants, a motion was made by the prosecutor to strike the name of Neil Howe as a witness from the information, and a hearing was held thereon.

The prosecutor had two reasons for wishing to strike the name of Neil Howe. The first was a practical reason: Neil Howe was in Hawaii away at school. The second was that the court had already ruled, in segregating the trials, that the reference to the gas station robbery was prohibited during the trial of the breaking and entering of Scheib Industries. The court had ruled on defendants' urging that reference to the gas station burglary might be prejudicial in the second trial and therefore testimony regarding the same was prohibited. The motion to strike the name of Neil Howe from the information was granted.

After conviction on the Scheib Industries breaking and entering, appellate counsel moved for a new trial on the grounds of prejudicial error in the striking of the name of Neil Howe from the information, alleging that Neil Howe was in fact a res gestae witness. This was denied in the trial court and on appeal to this Court, remand for an evidentiary hearing pursuant to *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973), was ordered, October 2, 1974.

At the evidentiary hearing conducted on remand, a stipulation was entered into by the people and by the defense, as to Neil Howe's testimony. This was possible of course because Mr. Howe's

testimony had been taken at the preliminary examinations on both B & E's and he testified during the trial of the B & E at the gas station. The preliminary examinations had been held on different dates so there were really three sources of sworn testimony. Defense counsel filed a stipulation to introduce the prior testimony of Neil Howe and this was agreed to by the prosecutor. The trial judge evaluated all the available testimony and then ruled that Neil Howe was not a res gestae witness. Before ruling he said as follows:

"*The Court:* It's my understanding, counsel stipulated that the court has before it, through previous transcripts of the testimony of Neil Howe, all the testimony that would be pertinent to this case?

"*Mr. Sugierski (Assistant Prosecutor):* That's correct your Honor.

"*Mr. Flanagan (Defense Counsel):* That's right your Honor."

The court found from the testimony of these transcripts, and we agree, that Mr. Howe was not a res gestae witness in connection with the Scheib Industries B & E. He had absolutely no testimony to offer with regard to that B & E and in view of the court's previous ruling, disallowing mention of the gas station matter, this ruling was completely logical. Any other ruling would have been inconsistent.

The record shows that at a pretrial conference held on the consolidated cases, September 17, 1973, defense counsel objected to the people's request to try the Scheib Industries B & E first. Defense counsel gave as the reason that the trial of such would bring in testimony concerning the breaking and entering of the gas station. The

people acquiesced and tried the gas station B & E first. The defense couldn't have it both ways.

The court ruled:

"*The Court:* From what I know about Mr. Howe's testimony in the previous case which was tried here several weeks ago, unless something new—unless you can indicate that he has something to add to his testimony that he didn't state then, I am of the opinion from that testimony, that he is not a res gestae witness to this case and, his testimony is not relevant to this case. Therefore, I'll permit him to be stricken as a witness for the people.

\* \* \*

"*Mr. Sugierski (Assistant Prosecutor):* Your Honor, I believe the motion was that we could bring reference to the prior case, to the Bay Gas Station case and to the Scheib Industries case and vice-versa and, this was objected to by defense counsel. And, we *[sic]* finally ruled we wouldn't bring anything in. We never did attempt to bring all four charges together. But, defense counsel objected to any reference to the prior charges.

"*The Court:* Anything further Mr. Smith?

"*Mr. Smith (Defense Counsel):* Not really to that."

Defense counsel was advised by letter of November 7th that Mr. Howe would not be called by the prosecutor. Trial commenced November 26th. According to the transcript the witness had left the jurisdiction only a few weeks before, and according to his father had been expected to be present at home for Thanksgiving, which would have allowed him to testify, but there was plane trouble.

It appears that the defense took a tactical and opportunistic objection to the striking of witness Howe from the information. It is inconceivable that Howe could have testified without violating the order of the court proscribing testimony about the gas station burglary. Now having been acquit-

ted of the gas station burglary, prior defense strategy was out the window, and the defense wished to chew the bone of that acquittal in the subsequent B & E.

We are of the opinion that the court was correct in its ruling, both at trial and at the evidentiary hearing on remand, that Neil Howe was not a res gestae witness in this case. We have also examined defendant's other citations of error and believe that only one other issue merits discussion. That is, that the mere possession of recently stolen property was insufficient to allow the case to go to the jury on the charge of breaking and entering.

It is true that evidence of "mere possession" of stolen goods does not justify a finding that one is guilty of breaking and entering. *People v Moore,* 39 Mich App 329, 332; 197 NW2d 533 (1972). However, Olson was shown to be in possession of burglary tools as well as stolen goods at the time of his arrest. Moreover, one of the burglary tools— a large screwdriver—was directly linked to the scene of the crime by expert testimony. Under these circumstances, there was sufficient "evidence tending to establish additional facts and circumstances from which the jurors could properly have found that [Olson] broke and entered the building". *People v Moore, supra,* at 332.

We find no reversible error. The verdict and judgment are affirmed.