PEOPLE v BAILEY

OPINION OF THE COURT

1. CRIMINAL LAW—ELEMENTS OF CRIME—INFERENCES—INFERENCES
UPON INFERENCES.

   The "no inference upon an inference" doctrine does not apply in
   a criminal case where there is no showing that any element of
   the crime is inferred solely from another inference.

2. CRIMINAL LAW—EVIDENCE—PROSECUTORS—DIRECTED VERDICTS OF
ACQUITTAL.

   The trial court must examine the evidence presented by the
   prosecution to decide whether or not there is at least some
   evidence, direct or circumstantial, on each element of the
   offense charged, when a motion for a directed verdict of acquit-
   tal or dismissal has been made; the motion will be granted if
   there is no evidence on any material element of the offense.

DISSENT BY R. M. MAHER, J.

3. CRIMINAL LAW—EVIDENCE—PROSECUTOR'S BURDEN—CIRCUMSTAN-
TIAL EVIDENCE—SUSPICIOUS CIRCUMSTANCES.

   *It is the prosecutor's burden to present evidence, direct or circum-
   stantial, which if believed proves beyond a reasonable doubt
   that the defendant committed the crime charged; a finding of
   guilt is not justified merely by placing a defendant in suspicious
   circumstances.*

4. CRIMINAL LAW—EVIDENCE—CIRCUMSTANTIAL EVIDENCE—PROSECU-
TOR'S BURDEN—THEORY OF INNOCENCE.

   *The prosecution must present evidence that not only points to the
   defendant's guilt but also negates any reasonable theory of*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 81.
[2–5, 8] 21 Am Jur 2d, Criminal Law § 226.
   29 Am Jur 2d, Evidence § 123 *et seq.*
[6] 29 Am Jur 2d, Evidence §§ 289, 290.
   30 Am Jur 2d, Evidence § 1129.
[7] 30 Am Jur 2d, Evidence § 1086.

*innocence in order to obtain a conviction upon circumstantial evidence.*

5. CRIMINAL LAW—EVIDENCE—PROSECUTOR'S BURDEN—THEORY OF INNOCENCE.

*It is incumbent on the prosecution to show under all circumstances, as a part of their own case, unless admitted or shown by the defense, that there is no innocent theory possible which will, without violation of reason, accord with the facts.*

6. BURGLARY—EVIDENCE—STOLEN PROPERTY—POSSESSION AS EVIDENCE.

*Evidence of mere possession of stolen property does not, standing alone, justify a finding of guilty to a charge of breaking and entering.*

7. CRIMINAL LAW—EVIDENCE—DIRECTED VERDICT.

*A motion for a directed verdict of acquittal is to be granted if there is no evidence presented on any material element of the crime, or where there is no evidence upon which a jury could predicate a finding of guilty.*

8. CRIMINAL LAW—EVIDENCE—DIRECTED VERDICT—ELEMENTS OF CRIME—PROOF BEYOND A REASONABLE DOUBT.

*A court must determine, before it denies a motion for a directed verdict of acquittal, that the evidence produced, viewed in the light most favorable to the prosecution, would justify a reasonable man in concluding that all the elements of the crime charged were established beyond a reasonable doubt; the court erred in denying a motion for a directed verdict of acquittal where the circumstantial evidence presented by the prosecution did not exclude reasonable theories of defendant's innocence and, therefore, there was insufficient evidence upon which to predicate a finding of guilty to the charge.*

Appeal from Iosco, Allan C. Miller, J. Submitted January 7, 1976, at Grand Rapids. (Docket No. 22262.) Decided May 27, 1976.

David M. Bailey was convicted of possession of burglary tools and breaking and entering an unoccupied building with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, and *Ronald R. Tyler,* Prosecuting Attorney, for the people.

*James R. Jenkins,* Assistant State Appellate Defender, for defendant.

Before: D. E. Holbrook, P. J., and R. M. Maher and D. F. Walsh, JJ.

D. E. Holbrook, P. J. Following a bench trial, defendant was convicted of possession of burglary tools, contrary to MCLA 750.116; MSA 28.311, and breaking and entering an unoccupied building with intent to commit larceny, contrary to MCLA 750.110; MSA 28.305. Defendant received a sentence of from 3 to 10 years in prison on each count, the sentences to run concurrently. Defendant brings this appeal as of right.

On June 6, 1974 at approximately 4:30 a.m., three or four men were seen in an alley near the Curran Lumber Company in Oscoda, Michigan. One of them was described as a man wearing a brown leather jacket. Another appeared to be carrying some sort of a container. Eventually, an automobile described as a 1965 light blue Imperial or Lincoln Continental bearing a silver insignia of an eagle on the trunk, appeared, picked up the group of people who had been in the alley, and left. Later that day, it was discovered that a break-in had occurred at the Curran Lumber Company. The next day at 1:30 in the morning, based on a description of the vehicle which had been implicated in the Curran Lumber Company break-in, the Oscoda Township police stopped the automobile in which defendant was riding. The owner and driver of the automobile, Edward Voelker, was notified that the car was being stopped because there was reason to believe it had been involved in

a breaking and entering. Defendant Bailey was a passenger in the back seat. The police officers had the spotlights of their patrol car focused on the rear window of the suspicious vehicle, and they observed defendant pick up a brown leather jacket, lean forward, and then straighten up again while seated in the vehicle. With permission of the owner, the police proceeded to search the vehicle. They found two crowbars under the front seat. One was a three-foot long black bar and the other a blue pry bar. The bars were kept for examination and the men were released.

Later that same day, the police were notified that an auto parts store had been broken into sometime during the previous night. Entry had been gained into the building by prying and tearing away a portion of the metal wall. There were two groups of footprints, each containing the prints of three persons, found near the rear of the building. Near one set of footprints was a furrow in the ground which indicated that someone had dragged a pointed object along as they walked.

Defendant and his companions were then arrested and charged with the break-in at the auto parts store and with possession of burglary tools.

At trial, it was established that the blue pry bar had made certain markings which appeared in the metal of the auto parts building at the point of entry. Sand was found on the tip of the blue pry bar, tending to support the theory that someone had allowed it to drag on the ground while walking through a sandy area. Paint which was similar in color to that on the auto parts building was found on both bars. The stop and search of the vehicle in which defendant had been a passenger had occurred in the immediate vicinity of the auto parts store.

The defendant took the stand in his own behalf and presented what was essentially an alibi defense. He was the only defense witness.

Defendant first contends that both of his convictions are impermissibly based upon inferences founded upon other inferences. In support of this claim defendant cites *People v Atley,* 392 Mich 298; 220 NW2d 465 (1974). We believe *Atley* to be distinguishable and hold defendant's claim on this issue to be without merit.

In *Atley,* the defendant appealed his conviction for conspiracy to sell marijuana. The Supreme Court held that, in order to establish a conspiracy, it must be shown that more than one person possessed the intent to sell marijuana, and that more than one person had agreed to sell marijuana. Viewing the evidence, the Court decided that the intent had been inferred from the presence of the defendant in a car with other people and 127 pounds of marijuana. The Supreme Court then decided that the agreement to sell had been inferred from the aforementioned intent to sell. This was held to be an impermissible inference upon an inference. The Court said at p 315; 220 NW2d at 473: "The 'no inference upon an inference' doctrine is a difficult concept at best, but it clearly applies to the instant situation". We agree that the concept is difficult, but it clearly does not apply to this case. Defendant points to no element of either crime which is inferred solely from another inference.

Defendant next alleges that the trial court erred in failing to direct a verdict for the defendant at the close of the people's case.

When a motion for directed verdict of acquittal or dismissal is made in a criminal case, the trial court is compelled to examine the evidence, direct

or circumstantial, entered by the people and decide whether or not there is at least some evidence on each material element of the offense. The motion will be granted if, on any material element of the offense, there is no evidence. *People v DeClerk*, 58 Mich App 528, 531; 228 NW2d 447, 448 (1975). An examination of the record leads us to the conclusion that the trial court properly decided that the prosecution had presented evidence on each material element of both of the offenses charged in this case.

Defendant next asserts that his conviction should be reversed because he was denied effective assistance of counsel at trial.

A close examination of the record leads us to the conclusion that this claim by defendant is without merit. *People v Davis*, 57 Mich App 505; 226 NW2d 540 (1975), *People v Lawrence*, 32 Mich App 591; 189 NW2d 48 (1971), *People v Degraffenreid*, 19 Mich App 702; 173 NW2d 317 (1969).

We have examined defendant's other allegations of error and find them to be without merit.

Affirmed.

D. F. WALSH, J., concurred.

R. M. MAHER, J. *(dissenting)*. Defendant was a rear-seat passenger in an automobile stopped late at night by police as it was traveling on a highway in Oscoda. The police made the stop because the automobile resembled one thought to be involved in the break-in of a lumberyard the night before. The owner of the automobile was driving and another passenger was in the front seat. With consent the police searched the automobile and found two pry bars under the driver's seat. The police retained the pry bars but released the automobile and its occupants.

Later it was discovered that an auto parts store
in Oscoda had been broken into the same night
the automobile was stopped. Testing by the state
police crime lab determined that one of the pry
bars seized by police had been used to rip sheet
metal on the auto parts store. In a sandy alley
behind, but not immediately adjacent to the store,
three sets of footprints were observed. No effort
was made to take molds of the footprints, nor were
any fingerprints obtained from the store or the pry
bar. The exact time of the break-in was not estab-
lished. This summarizes the case made against
defendant.

It is incumbent upon the prosecution to present
more than "some evidence" that indicates defend-
ant committed the crime. The prosecution must
present evidence which, if believed, proves beyond
a reasonable doubt that defendant committed the
crime charged. While this can be done by the
introduction of evidence entirely circumstantial,
merely to place defendant in suspicious circum-
stances cannot justify a finding of guilt. In *People
v Spann,* 3 Mich App 444, 454; 142 NW2d 887
(1966), the court quoted from *People v Millard,* 53
Mich 63, 70; 18 NW 562, 564 (1884):

"In every criminal case the burden is throughout
upon the prosecution. Whatever course the defense
deem it prudent to take in order to explain suspicious
facts or remove doubts, *yet it is incumbent on the
prosecution to show under all circumstances, as a part
of their own case, unless admitted or shown by the
defense, that there is no innocent theory possible which
will, without violation of reason, accord with the facts."*
(Emphasis in *Spann.)*

Numerous other cases may be cited which set
forth the rule that, in order to obtain a conviction

upon circumstantial evidence, the prosecution must present evidence that not only points to defendant's guilt but also negates any reasonable theory of innocence. *E.g., People v Morrow,* 21 Mich App 603; 175 NW2d 523 (1970), *People v Davenport,* 39 Mich App 252; 197 NW2d 521 (1972), *People v Wingfield,* 62 Mich App 161; 233 NW2d 220 (1975).

In *People v Johnson,* 4 Mich App 205; 144 NW2d 646 (1966), Chief Justice KAVANAGH, then a member of this Court, applied this standard of proof in a case very similar to the one now before us. In *Johnson,* the defendant was arrested at the scene of the crime by police officers responding to the report of a break-in at a gasoline station. Near him was found a screwdriver, later identified as having been taken from the station. Finding no other evidence against defendant, this Court reversed his conviction for breaking and entering.

In other cases, this Court has stated that evidence of mere possession of stolen property does not, standing alone, justify a finding of guilty to a charge of breaking and entering. *E.g., People v McDonald,* 13 Mich App 226; 163 NW2d 796 (1968), *People v Moore,* 39 Mich App 329; 197 NW2d 533 (1972). *People v Olson,* 65 Mich App 224; 237 NW2d 260 (1975), upheld the denial of a directed verdict because the evidence showed not only that defendant when arrested was in possession of stolen goods, but also that he possessed burglary tools, one of which was directly linked to the crime.

Here, the crux of the prosecution's case against defendant was his proximity to, not even possession of, the pry bar used in the break-in. The evidence appears to be even weaker than that found insufficient in *Johnson, supra,* for there

defendant was arrested outside the station broken into. Here, the automobile was stopped some distance away from the auto parts store. Even the addition of the testimony that three sets of footprints were found in the sand not far from the auto parts store does not bring the prosecution's proofs to the necessary level. This evidence does little, if anything, to link defendant to the break-in.

While it is true that a motion for a directed verdict of acquittal will be granted if, on any material element of the crime, there is no evidence, a denial of such a motion requires the court to determine that the evidence produced, viewed in the light most favorable to the prosecution, would justify a reasonable man in concluding all elements of the crime were established beyond a reasonable doubt. *People v Royal,* 62 Mich App 756; 233 NW2d 860 (1975). Unless there is "evidence upon which a jury could predicate a finding of guilty", *People v Vail,* 393 Mich 460, 463; 227 NW2d 535 (1975), a directed verdict should be granted.[1]

The circumstantial evidence presented by the prosecution does not exclude reasonable theories of defendant's innocence, and is therefore insufficient evidence upon which to "predicate a finding of guilty" to the charge of breaking and entering and, *a fortiori,* to the charge of possession of burglary tools. The trial court erred in denying defendant's motion for a directed verdict. I would reverse defendant's convictions.

[1] The proper classification for defendant's motion should be as a motion to dismiss, under GCR 1963, 504.2. *See People v DeClerk,* 58 Mich App 528, 530, n 2; 228 NW2d 447 (1975). A trial court faced with a motion to dismiss and sitting as a trier of fact is not as limited as is a trial court presented with a motion for a directed verdict in a jury trial. Our review of the denial of defendant's motion proceeds on the assumption that the trial court, sitting without a jury, viewed the evidence in a light most favorable to the prosecution.